## INHABITANTS OF WAYLAND *vs.* INHABITANTS OF WARE.

A mere certificate by an officer having charge of public records, that a fact appears by them, is not evidence of the fact.

If an exception by one party to the admission of evidence is sustained, a verdict for the other party must be set aside, unless it appears that the other evidence in the case would not admit of any other verdict.

If a verdict for the plaintiff has been set aside solely because of the admission of improper evidence put in to prove one material fact, this court has power, under the Gen. Sts. c. 112, § 11, to confine the new trial to proof of that fact only.

CONTRACT for expenses incurred in supporting a minor child of James Davis, Jr., as a pauper. The issue was whether the St. of 1865, *c.* 230, gave Davis a settlement with the defendants

At the trial in the superior court, before *Rockwell*, J., after the decision reported 104 Mass. 47, it was admitted, as at the previous trial, that the settlement of Davis was with the plaintiffs, unless it was changed under § 1 of that statute, which provides that any inhabitant of a town in which he had resided for six months next previous to his muster into the military or naval service of the United States, " as a part of the quota " of the town, under any call of the President during the civil war, if he was of full age at the time of his enlistment, and continued in the service for a year or more, or died or became " disabled from wounds or disease received or contracted " while in the service, should be deemed to have acquired a settlement in that town.

It was also, as at the previous trial, admitted or proved that Davis was enlisted and mustered into the military service of the United States on January 29, 1862 ; that he resided in Ware for more than six months previous to that time , and that he was discharged from the service on April 11, 1862, on account of disability. There was, as at the former trial, conflicting evidence whether the disability was from disease contracted while in the service.

On the question whether Davis was credited by the war department of the United States to the defendants as part of their quota, the plaintiffs were allowed, against the defendants' objection, to put in evidence a certificate, admitted to be genuine, of the adjutant general of the United States, stating that " it appears from the records of this office, of which I am the legal custodian, that prior to June 9, 1863, 177 men, enlisted from Ware," " were credited to the Commonwealth as a part of her quota and the quota of Ware."

William Schouler testified that he was adjutant general of the Commonwealth from before the war till 1866 ; that documents, made up in his office, and which were put into the case, showed that 177 men ought to be credited to the defendants ; and that this credit was made up by including Davis. He also testified that this credit was allowed by the United States ; but there was no documentary evidence of this, except the above mentioned certificate. On cross-examination, he testified : " The credits

before August 1862 were allowed by the United States in 1862 or 1863." [The defendants called the attention of the witness to his report to the governor in 1864.] " I stated before that they were not credited till 1864, but then those credits after that allowed by the United States included the credits made by us before in 1862 and 1863. They had not been allowed by the United States before, but were allowed after on the basis of our credits. I have no doubt the quotas and credits of 1862 were allowed."

The jury returned a verdict for the plaintiffs, and the defendants alleged exceptions.

*D. S. Richardson*, for the defendants.

*G. A. Somerby*, for the plaintiffs. 1. The certificate of the adjutant general was admissible. *Meyer* v. *Sefton*, 2 Stark. 274. 2. There was ample proof without the certificate ; and the admission of the certificate, even if erroneous, is no ground for a new trial. *Potter* v. *Tyler*, 2 Met. 58. *Prince* v. *Shepard*, 9 Pick. 176. *Thorndike* v. *Boston*, 1 Met. 242. *De Rutzen* v. *Farr*, 4 Ad. & El. 53. *Doe* v. *Langfield*, 16 M. & W. 497. *Doane* v. *Baker*, 6 Allen, 260. *Stetson* v. *Dow*, 16 Gray, 372. *Merrick* v. *Plumley*, 99 Mass. 566. *Hobart* v. *Plymouth*, 100 Mass. 159. *Ham* v. *Salem*, Ib. 350. *Deery* v. *Cray*, 10 Wallace, 263. *Brobst* v. *Brock*, Ib. 519. 3. If a new trial is granted, it should be confined to the point on which the evidence was wrongly admitted. *Robbins* v. *Townsend*, 20 Pick. 345. *Winn* v. *Columbian Insurance Co.* 12 Pick. 279. *Sprague* v. *Bailey*, 19 Pick. 436.

WELLS, J. In order to establish the fact that James Davis, Jr., was credited by the war department of the United States " as a part of the quota " of the town of Ware, the plaintiff undertook to show that a certain number of men had been so credited at a certain date. For this purpose the certificate of the present adjutant general that it so " appears from the records of this office " was improperly admitted. 1 Greenl. Ev. § 498. *Robbins* v. *Townsend*, 20 Pick. 345. To prove a fact of record by a record not produced, requires a duly authenticated copy of the record itself, or of so much thereof as relates to the fact in question.

The plaintiff seeks to retain the verdict, notwithstanding the exception to this evidence, on the ground that it otherwise sufficiently appeared that Davis was so credited.

It is not enough that it sufficiently appears as a matter of preponderance of evidence. It must so appear as not to admit of a verdict to the contrary. Unless it does so appear, the court cannot see judicially that the error was an immaterial one, or that no prejudice was suffered from it by the excepting party. The cases from the early reports of decisions of this court, cited by the plaintiff as holding a less strict rule, were decisions upon motions for a new trial.

The other proof in this case depended essentially upon the oral testimony of one witness. It involved, not only his credibility with the jury, but his accuracy and means of knowledge. There were some facts and documents, and some answers in cross-examination, upon which the defendant relied to contradict or to weaken the force of his testimony. The burden of proof was upon the plaintiff. The fact to be established was, not that Davis ought to have been credited to Ware, but that he actually was so credited. The certificate, if competent, was decisive. The other evidence may have been equally satisfactory, but it was not legally conclusive; and the plaintiff was not content to rely upon it alone.

The exception must therefore be sustained. But the error affects only the single fact of the credit to the quota of the defendant town. All the other facts have been twice found by the jury, upon competent evidence, in favor of the plaintiff. The first verdict was set aside solely on account of the admission of incompetent evidence to prove the same fact of the credit. The evidence strongly points to the existence of the fact in accordance with the plaintiff's claim. In *Potter* v. *Tyler*, 2 Met. 58, where a copy of a paper, not certified by the proper officer, was admitted in evidence, but the party afterwards, pending a motion for a new trial, produced a duly certified copy corresponding with that admitted, a new trial was refused. Upon a bill of exceptions we have not the same discretionary power as upon a motion for a new trial. But the full court is authorized to " make such order,

direction, judgment or decree as is fit and proper for the further disposition of the case." Gen. Sts. *c.* 112, § 11. And the case will then be disposed of in the superior court conformably thereto. Gen. Sts. *c.* 114, § 12. In exercising this power, whilst sustaining exceptions, the court may restrict the new trial to that part of the case which alone has been or could be affected by the error. We think it proper to do so in this case. The only fact, essential to a recovery by the plaintiff, which has not been twice properly tried, is that of the credit to the quota of the town of Ware. If upon another trial the jury shall find that such credit was actually allowed, the plaintiff will be entitled to a general verdict and judgment for the amount ascertained by the verdict at the last trial, with interest from that time. Otherwise the verdict and judgment will be for the defendant. *New trial accordingly.*