COMMONWEALTH MUTUAL FIRE INSURANCE COMPANY *vs.*
CYRUS G. WOOD.

Suffolk.    January 17, 1898. — June 24, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Mutual Fire Insurance Company — Assessment on Policy Holder —*
*Action — Defence.*

It is no defence to an action for the amount of an assessment levied under St. 1894,
c. 522, §§ 47–49, upon a policy holder in a mutual fire insurance company, that
he did not receive notice, which was addressed to him at the town where the
insured property was situated, of the hearing before the auditor, the decrees of
this court ordering and confirming the assessment having been made after due
publication of notice; nor that the amount of the entire assessment was larger
than was necessary; nor that the company was not licensed to do business by
some of the States in which it incurred losses.

CONTRACT, to recover the amount of two assessments upon
the defendant as a policy holder in the plaintiff corporation.
The case was submitted to the Superior Court, and, after judg-
ment for the plaintiff, to this court, on appeal, upon agreed
facts, in substance as follows.

The plaintiff was a mutual fire insurance company organized
under the laws of this Commonwealth, and was authorized by ·
statute to make insurance upon property located in any part of
the United States or in Canada.

The plaintiff issued two policies of insurance to the defendant
on property situated in this Commonwealth.  On March 19,
1895, the plaintiff was enjoined by this court from doing further
business, and subsequently a receiver was appointed.

On July 19, 1895, a petition was filed in this court by the
president of the plaintiff company, praying that the court would
examine an assessment previously voted by the directors of the
company, and matters connected therewith, and would ratify
the assessment with such amendments as might be necessary.

Upon this petition an order of notice was issued, returnable in
three weeks, and published as therein directed, and at the hear-
ing upon the petition, on August 9, 1895, the application was

referred to an auditor, who was directed to appoint a time and place to hear all parties in the matter of the assessment, to give personal notice thereof in writing to the insurance commissioner, and through the post office or by publication, as he deemed practicable, to all the persons liable upon such assessment, and to hear the parties and report upon the correctness of the assessment and all matters connected therewith.

Thereupon a notice was mailed to the defendant at Quinapoxet, Holden, Massachusetts, the post office address where the property insured was situated, stating the time and place of the hearing before the auditor.   The defendant, who resided in Worcester, did not personally receive this notice.

This court, by a decree dated March 5, 1896, among other things, ordered an assessment of $250,000, and directed the officers of the company to vote the same in legal form, which the directors proceeded to do.   Afterwards, on March 25, 1896, the court confirmed the assessment of $250,000, which subsequently was made up in detail against the different policy holders of the company subject to assessment; and by a decree dated December 9, 1896, the assessment was ratified, confirmed, and established as computed upon the persons and for the amounts as appeared in the schedules annexed to the decree. By such schedules it appeared that the defendant was assessed on one policy $402.36, and on another policy $305.09, and notices of the assessments were sent to him on July 9, 1896.

The decrees ordering and confirming the assessment were made after the usual publication of notice as directed by the court.   No personal notice of the hearings, except that of the auditor, was sent to the defendant, and he took no part therein.

The business of the plaintiff was done in this Commonwealth, but it insured property situated in many States where it had no license or authority under the statutes of those States to do business.

About four fifths of the claims for losses were in States outside of this Commonwealth, many of them in States where the plaintiff had no license to do business, and the liabilities of the plaintiff at the time of the appointment of the receiver were a little less than $94,000.

*B. W. Potter & C. M. Thayer*, for the defendant, submitted the case on a brief.

*W. B. Stevens*, for the plaintiff.

LATHROP, J.   The defendant contends that he is not liable to pay the assessment levied upon him, for the reason that he did not receive notice of the hearing before the auditor.   The St. of 1894, c. 522, § 49, provides that the auditor " shall appoint a time and place to hear all parties interested, and shall give personal notice thereof in writing to the insurance commissioner, and through the post office, so far as he is able, to all persons liable upon said assessment or call."   The auditor sent a notice by mail addressed to the defendant at the town where the property was situated, but he did not receive it, as he resided elsewhere.

We are of opinion that the fact that the defendant did not receive notice affords him no ground of defence.   The decrees of this court ordering and confirming the assessment were after due publication of notice, and this was sufficient notice to him; and the decree ratifying and establishing the assessment was by the terms of the statute " final and conclusive upon the company and all parties liable to the assessment or call, as to the necessity of the same, the authority of the company to make or collect the same, the amount thereof, and all formalities connected therewith."   St. 1894, c. 522, § 49.   *Hamilton Ins. Co.* v. *Parker*, 11 Allen, 574.

The next contention of the defendant is that the amount of the entire assessment was larger than was necessary.   But the decree of the court is, as we have just seen, conclusive on this point.

Finally, it is urged that the insurance company was not licensed to do business by some of the States in which it incurred losses.   But the business of the company was conducted in this State, and the contracts were valid here.   The policy holders became members of the company, and are liable to pay the assessment, whether it can be collected of them or not.

*Judgment affirmed.*