COMMONWEALTH MUTUAL FIRE INSURANCE COMPANY
*vs.* SWIFT AND COMPANY.

Suffolk.    March 9, 10, 1899. — September 7, 1899.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER,
& HAMMOND, JJ.

*Fire Insurance — Assessment in Mutual Company — Agency — Locus
Contractus — Validity of Contract.*

This case, which was an action by a mutual insurance company to recover the
amount of an assessment levied upon a policy holder, is governed by cases al-
ready decided between the same plaintiff and other defendants.

CONTRACT, to recover the amount of twenty-eight assess-
ments upon the defendant as a policy holder in the plaintiff cor-
poration.   The case was submitted to the Superior Court, and,
after judgment for the plaintiff, to this court, on appeal, upon
agreed facts, in substance as follows.

The plaintiff was a mutual fire insurance company organized
under the laws of this Commonwealth, and was authorized by
statute to make insurance upon property located in any part of
the United States or Canada.   The defendant was a corporation
organized under the laws of the State of Illinois and having its
principal place of business at Chicago in that State.

Prior to January 1, 1895, the plaintiff issued twenty-eight
policies of insurance to the defendant, on property situated
in several States.   On March 19, 1895, the plaintiff was enjoined
by this court from doing further business, and subsequently a
receiver was appointed.

By the schedules annexed to a decree of this court confirming
and establishing an assessment of $250,000, previously ordered
upon the policy holders of the company subject to assessment, it
appeared that the defendant was assessed, on twenty-eight dif-
ferent policies, the total sum of $2,476.89.   The office of the
plaintiff was in Boston, where it did its business, and it had no
office or agent outside of Massachusetts except in the State of
North Carolina, unless it appears upon the agreed facts that
it had agents in other States.

Blake and Taylor were the managers of the plaintiff, receiving for their services a certain per cent of the gross receipts, from which they paid all expenses.

George M. Harvey and Company, of Chicago, Illinois, were insurance brokers, through whom the defendant was at that time placing much of its insurance. E. T. Marshall and Company were also insurance brokers in Chicago. The defendant, desiring insurance on certain of its property, requested Harvey and Company to obtain such insurance, but gave them no instructions in what companies to place it. Thereupon Harvey and Company applied to Marshall and Company requesting them to obtain such insurance, specifying the terms of insurance to the extent appearing in the applications subsequently made and signed by Marshall and Company, except that Harvey and Company did not specify the company in which the insurance was to be placed. Thereupon Marshall and Company sent by mail from Chicago the applications for insurance to Blake and Taylor, directed to the office in Boston, these applications stating the amount of insurance desired, the rates at which the risks were to be written, if accepted, the premiums to be paid, the dates upon which the risks were to begin, and the time for which they were to continue. These applications also contained descriptions of the property upon which insurance was to be placed, which applications were received by Blake and Taylor, who determined whether or not the applications should be accepted, and delivered to the plaintiff, whereupon policies were written, containing the terms of the applications, dated and executed by the proper officers of the company in Boston and transmitted by mail to Marshall and Company in Chicago. At the time the policies were made out, the premiums were charged to Marshall and Company, with whom Blake and Taylor had an open account, and at intervals checks were sent to Blake and Taylor in payment of balances due. Marshall and Company received the policies from the mail in Chicago and delivered them to Harvey and Company, who paid them the amount of the premiums. Harvey and Company delivered the policies to the defendant, and some time subsequently received a check from the defendant in payment of the amount of the premiums. The premiums were not paid contemporaneously with the delivery of the policies.

Insurance was obtained also by the defendant on its property through brokers in New York and Missouri, and the same course was pursued as in the instance of obtaining insurance through Marshall and Company, as recited above, except that in one instance the broker sent the application and check from and received the policy in Kansas City, Missouri, and mailed the same from there to Harvey and Company in Chicago, and in another instance the defendant applied directly to the broker in Kansas City, requesting him to obtain the insurance, and the latter sent the applications and checks from and received the policies in Kansas City, and mailed the same to the defendant in Chicago. The defendant also applied by mail for insurance to Endicott and Macomber, a firm of insurance brokers in Boston. Thereupon Endicott and Macomber went to the office of the plaintiff and made written applications for the insurance. At the time the policies were made out the premiums were charged to Endicott and Macomber, and subsequently a check was received by Blake and Taylor from them in payment of the premiums. Endicott and Macomber sent the policies by mail to the defendant in New York, from whom they received by mail a check in payment of the premiums.

Before these policies issued, Blake and Taylor solicited the several brokers above named to forward applications for insurance to the plaintiff, and promised to pay them for their services in obtaining and forwarding such applications a commission on the premiums of all policies issued by the plaintiff on such applications, and such was their general practice with all insurance brokers, the commissions allowed such brokers being taken out of the commission allowed Blake and Taylor by the plaintiff in compensation for their services. None of the above-named brokers made any charge to the defendant for services in these matters, and none of them were paid for such services by the defendant.

The several policies were issued on dates between February 3, 1894, and December 16, 1894, both dates inclusive. All policies which were dated prior to July 1, 1894, were written on the Massachusetts standard blanks, and those dated subsequent to that date were written on the standard blanks of the State of New York.

*G. L. Huntress,* (*E. S. Fellows* with him,) for the plaintiff.
*F. Hutchinson,* for the defendant.

LATHROP, J.   We find nothing in this case which is not fully covered by the cases already decided between the same plaintiff and other defendants who have sought to avoid paying the assessment duly levied upon them.   *Commonwealth Ins. Co.* v. *Knabe Manuf. Co.* 171 Mass. 265.   *Commonwealth Ins. Co.* v. *Wood,* 171 Mass. 484.   *Commonwealth Ins. Co.* v. *Fairbank Canning Co.* 173 Mass. 161, decided since this case was argued.   See also *Allgeyer* v. *Louisiana,* 165 U. S. 578; *Dailey* v. *Masonic Accident Association,* 102 Mich. 289.        *Judgment for the plaintiff affirmed.*