# CHARLESTON

## HAGAN *et al.* v. HOLDERBY.

### Submitted March 5, 1907.    Decided April 18, 1907.

1. EVIDENCE—*Recitals in Deed.*
   A recital in a deed of a special receiver showing his appointment and authority to execute the same, is not evidence of such authority against persons not claiming under it.   (p. 108.)

2. SAME—*Documentary Evidence.*
   In ejectment a deed made by a special receiver appointed to convey the title to land of another, is sought to be introduced as a link in the plaintiff's chain of title.   In order that such deed may be introduced it is necessary that enough of the record of the court appointing such receiver be introduced as will show that the court authorized the conveyance of the property; that it had jurisdiction of the person whose property is directed to be conveyed, and that it had jurisdiction of the subject matter.   (p. 109.)

3. SAME.
   A deed made by a receiver is offered in evidence in an action of ejectment.   In order that such deed may be introduced, it is essential that it be shown by the record of the court wherein the cause was pending, that the receiver qualified by giving bond as required in the decree appointing him.   (p. 109.)

4. SAME—*Receiver.*
   A certificate by the clerk of a court that a special receiver qualified by giving bond as required in the decree appointing him is not

admissible in evidence. An authenticated copy of the record show-
ing such qualification is the necessary and proper evidence thereof.
(p. 110.)

5.  TRUSTS—*Testamentary Trusts—Sale by Trustee.*

　　A will devising property to certain persons and appointing an-
other to sell and dispose of the same in such manner as to him
seems to the best interest of the devisees, and to invest the pro-
ceeds thereof for their benefit, constitutes such other person a trustee,
with power to sell and convey the property, and when he does so,
by proper deed, it passes to the vendee therein the entire interest
of the devisees. (p 111.)

Error to Circuit Court, Cabell County.

Action by Cornelius B. Hagan and others against J. W.
Herndon and others.　Judgment for plaintiffs, and defend-
ant Susan Holderby brings error.

*Reversed.*

WILLIAMS, SCOTT & LOVETT and SWITZER & WIATT, for
plaintiff in error.

R. L. BLACKWOOD and GORDON O'BIERNE, for defendants
in error.

SANDERS, PRESIDENT:

The plaintiff in error, Susan Holderby, claims to be ag-
grieved by a judgment of the circuit court of Cabell county,
rendered in an action of ejectment brought against her by
Cornelius B. Hagan and others, heirs at law of Mary C.
Hagan, deceased.

We find from the record that many years ago the Central
Land Company of West Virginia, a corporation, by an ex-
ecutory contract in writing, sold and agreed to convey to
Barbara Hylton a lot of land in the City of Huntington.
Barbara Hylton later assigned all her right, title and interest
in and to said contract to Mary C. Hagan, and directed the
Central Land Company to execute a deed to her for the
property therein described.　Afterwards, on the 28th day of
August, 1886, Mary C. Hagan made and executed her last
will and testament, which is herein incorporated *in ex-
tenso* and is as follows:

"Know all Men by these Presents:　That I, Mary C.
Hagan, wife of Bernard Hagan, of Huntington, County of
Cabell, State of West Virginia, being of ill health but of
sound and disposing of mind and memory, do make and pub-

lish this my last will and testament. I give and bequeath all my property, both real and personal, to my children, Charles E., Cornelius B., Mary V., George V., Clarissa V. and Annie B., to be equally divided among them; share and share alike. I do hereby nominate and appoint my husband, Bernard Hagan, to be the executor of this my last will and testament without bond; and I further will, that should my said husband, Bernard Hagan, desire to dispose of said property above bequeathed in any manner he may deem best for the interests of my said children, or shall desire to invest the proceeds of the sale of said property in other property or securities for the benefit of my said children, he is hereby empowered to do so; and I further will that the said Bernard Hagan, my husband, shall have full and entire control of said property hereby bequeathed, or any other property or securities into which he may by powers herein granted convert it. In testimony whereof, I, the said Mary C. Hagan, have to this my last will and testament subscribed my name and affixed my seal this 28th day of August, 1886. Mary C. Hagan. (Seal)."

Later Mary C. Hagan departed this life, leaving surviving her six children and her husband, Bernard Hagan, seized of the equitable title to said lot of land, the legal title thereto still remaining in the Central Land Company. The will above copied was probated on the 3rd day of July, 1889, and on the 10th day of May, 1893, C. P. Huntington, as special receiver of the Central Land Company, made a deed for said lot to the heirs of Mary C. Hagan, deceased, subject to the life estate of her husband, Bernard Hagan. Later Bernard Hagan, in his own right and as executor of the last will and testament of his wife, Mary C. Hagan, deceased, conveyed this lot to B. B. Harding, and Harding afterwards reconveyed the same to Bernard Hagan. On the 11th day of July, 1893, Bernard Hagan and wife conveyed the lot to Jas. K, Oney and Geo. E. McDonald, trustees, to secure the payment of the sum of twelve hundred dollars to the Huntington National Building and Loan Association, and default having been made in the payment of the loan, the property was sold under the deed of trust and conveyed to the Huntington Loan and Investment Company, which company later conveyed the same to the defendant.

The defendant assigns many reasons why the judgment of the circuit court should be reversed, but we need only consider the one relating to the action of the court in. refusing to instruct the jury to find a verdict in her favor.   There is no legal principle more firmly and better established than that the plaintiff, to maintain the action of ejectment, must have the legal title to the property sought to be recovered, and that he must recover upon the strength of his own title. and not upon the weakness of the title of his adversary, and this being the established rule of law, to which there are no exceptions, we will look to see if the plaintiffs have shown title.

The defendant contends that the plaintiffs have not done so, first, because under the will of Mary C. Hagan, her husband, Bernard Hagan, was empowered to sell and dispose of the property for the benefit and interest of the children and heirs, as to him seemed best, and that acting under this authority he did sell and convey the same to B. B. Harding, under whom the defendant holds; and second, if the will is not susceptible of this construction, that still from the properly admitted testimony it does not appear that the legal title to this property has ever vested in the heirs, but that the same remains in the Central Land Company, and the ground relied upon to support this contention is that the deed from C. P. Huntington, special receiver, to the heirs, was improperly admitted in evidence.   It is true this deed recites the fact that it was made by Huntington as receiver in a certain cause, and that he had authority to make the same, but this is not sufficient.   Bare recitals in a deed will not suffice to show authority for its execution.   *Mordecai* v. *Beal*, 8 Port. (Ala.) 529; *Soukup* v. *Union Inv. Co.*, 84 Ia. 448, 51 N. W. 167, 35 Am. St. Rep. 317; *Jones* v. *Sherman*, 56 Miss. 559; *Crump* v. *Thompson*, 31 N. C. (9 Ired.) 491; *Smith* v. *Webster*, 2 Watts (Pa.) 478.

Where it is claimed that a deed is executed by a receiver or one appointed by the court to convey the title of another there must be enough in the record vouched to show that the court did authorize the conveyance of the particular property, that it had jurisdiction of the person whose property was directed to be sold and conveyed, and that it also had jurisdiction of the subject matter.   "Where a deed made under a

decree by a commissioner or other authority is offered in evidence as a connecting link of the party's chain of title to land, it is necessary to introduce with it so much of the record of the suit, in which such decree was made, as will satisfactorily show, that the persons having the legal title to the land conveyed were parties to the suit, and as will identify the land." *Waggoner* v. *Wolf*, 28 W. Va. 820; *Guinn* v. *Bowers*, 44 W. Va. 507.

It appears, however, from a certified copy of a decree of the circuit court of the United States for the district of West Virginia, entered in the chancery cause of C. P. Huntington *et al. v.* Central Land Company on the 16th day of December, 1890, that the court did appoint C. P. Huntington as special receiver, and authorized him to carry out and complete by proper deeds of conveyance all contracts of the Central Land Company for the sale of real estate. There certainly can be no question as to the receiver's powers in this respect, as the terms of the decree are broad and unquestionably confer upon him such powers, and we think it abundantly appears from the record that the court had jurisdiction of the Central Land Company, the property of which was ordered to be conveyed, and also of the subject matter of the litigation. While, however, these facts unquestionably appear, yet the receiver was required, before proceeding to exercise the powers conferred upon him, to execute, acknowledge and have approved a bond as therein required for the faithful discharge of his duties. This requirement was a condition precedent to the right of the receiver to act in the premises. He had only such powers as were conferred upon him by the decree, and of course was subject to all the limitations thereby imposed upon him, and until he complied with its terms he was entirely without authority to execute any of its requirements. Therefore, we must look to see if he gave the bond as required. There appears at the foot of the decree introduced a certificate of the clerk that the receiver had given bond and that the same had been approved, and his appointment confirmed, but the defendant objected to the introduction of this certificate as evidence, and unless it can be considered as proof of the fact that the receiver did qualify by giving bond, there is no evidence to show that he did so. Can we consider it for the purpose of

establishing this fact? It is no more than the bare statement of the clerk that this is so—a statement by him that the record will show certain facts. This certificate amounts to no more than would the testimony of the clerk if he were called as a witness. We know of no provision allowing proof of a record of a court in this way. If the receiver qualified, the record would show it, and is the best evidence and must be produced. "Clerks of religious and other corporations, and other recording officers, may make and verify copies of their records, and in so doing act under the obligation of their oath of office. Of the verity of such copies the certificates are evidence. But it is no part of their duty to certify facts, nor can their certificates be received as evidence of such facts." *Oakes* v. *Hill*, 14 Pick. 448; *Greene* v. *Durfee*, 6 Cush. 362; *Wayland* v. *Ware*, 109 Mass. 251; *Wood* v. *Knapp*, 100 N. Y. 114, 2 N. E. 632; Wigmore on Evidence, section 1678.

Without the establishment of this fact there was no foundation for the introduction of this deed, and when it is excluded there is a missing link in the plaintiff's chain of title, which will defeat their recovering.

Then the other reason urged by the defendant is sufficient to defeat the plaintiffs in this action. The will authorized Bernard Hagan to sell and dispose of the property as to him seemed best for the interest of the heirs. This will unquestionably clothed him with the absolute power of disposal of this property. It is hardly necessary, in dealing with this question, to say that in construing a will we must do so by taking it by its four corners, and thereby ascertain the real intention of the testator, and when this intention is ascertained, to carry it into effect. The language of the will is plain and unambiguous, and it is easy to determine the intention of the testator, as it plainly and unmistakably authorizes Bernard Hagan, who was thereby appointed for the purpose, to sell or otherwise dispose of the property, and to invest or dispose of the proceeds thereof as to him seemed best for the interest of the heirs.

The sale and conveyance of this property by Bernard Hagan to B. B. Harding, and the reconveyance thereof by the latter to Bernard Hagan, and the conveyance by him to the trustees of the Huntington National Building and Loan

Association, the sale under this latter conveyance to the Huntington Loan and Investment Company, and the sale and conveyance by the last named company to the defendant, vested in her the fee simple title to the property in controversy.

Therefore, the instruction directing the jury to find for the defendant should have been given, there being no evidence upon which a verdict in favor of the plaintiffs could possibly be predicated, and as the record discloses that it would be entirely unnecessary to remand the case for a new trial, the judgment of the circuit court is reversed, the verdict of the jury set aside, and judgment entered for the defendant.

*Reversed.*