## 3770.  BIRMINGHAM FERTILIZER CO. *v.* COX & SON.

1. "Promissory notes are evidence of their own value, in an action of trover."
2. "In an action of trover the issue is one of title, and not of debt. Consequently, neither the defendant in such an action, wherein bail is required, nor the surety on his bond, can set up as a defense the discharge of the defendant in bankruptcy pending the action. This is true although the plaintiff elects to take a money verdict for the damages alleged to have been sustained."

DECIDED MARCH 6, 1912.

Complaint; from city court of Tifton—Judge R. Eve.  September 11, 1911.

*R. E. Dinsmore,* for plaintiff.

*J. H. Price, Fulwood & Skeen, J. J. Murray,* for defendants.

POTTLE, J.  The Birmingham Fertilizer Company sold fertilizer to the partnership of John A. Cox & Son, and took their note for the purchase-price.  Cox & Son sold the fertilizer to planters, took their notes, transferred them as collateral security to the Birmingham Fertilizer Company, and retained the collateral notes for collection.  Cox & Son having failed, upon demand, to surrender the collateral notes or to account for them, the fertilizer company brought an action of trover and bail.  At the conclusion of the evidence the court directed a verdict for the defendants, and subsequently overruled the plaintiff's motion for new trial.

1.  It is contended that the verdict was demanded, because there was no proof of the value of the notes sued for.  "Promissory notes are evidence of their own value, in an action of trover."  *Wight* v. *Hester,* 24 *Ga.* 485.  As a general rule, in a trover case, the plaintiff must prove the value of the thing sued for.  But where one takes for another notes for collection, he impliedly concedes their value, and, if he converts them, they should be treated, in an action for their conversion, as being prima facie of their face value. If they are in fact valueless, for any reason, such as the insolvency of the makers, this would be a matter of defense.  *Citizens Bank* v. *Shaw,* 132 *Ga.* 771 (65 S. E. 81).  If the plaintiff elects to take a money verdict, his measure of damages could not exceed either the amount of his debt or the prima facie or actual value of the collaterals as shown by the evidence.  There was no proof that the notes were without value, and the direction of the verdict can not be

sustained upon the theory that the notes were not shown to be of value.

2. The defendants pleaded and proved that pending the action they had been discharged in bankruptcy; and this is urged to sustain the direction of the verdict in their favor. It is settled by the decision in *Berry* v. *Jackson,* 115 *Ga.* 196 (41 S. E. 698, 90 Am. St. Rep. 102), that the discharge in bankruptcy of the defendants in a trover case constitutes no defense to the action. "The issue is one of title, not of debt." The judge erred in directing the verdict and in admitting the record of the discharge in bankruptcy. There is no specific assignment of error upon the direction of the verdict, but as the motion for a new trial complains of the admission of the record of the discharge in bankruptcy, and as this was error, the judgment overruling the motion will be reversed, that the case may be tried anew in the light of the views herein expressed.

*Judgment reversed.*