## 11130. COPELAND v. PYLES.

A recovery in trover by the plaintiff in this case as sole heir of her deceased husband was unauthorized, it appearing that the property in question was subject to administration for the purpose of paying indebtedness of the decedent.

DECIDED MARCH 18, 1920.

Trover; from city court of Cairo — Judge Rigsby. November 24, 1919.

From the evidence it appeared that the bond for title to the deceased husband of the plaintiff, the value of which she sought to recover in this action, showed an agreement on his part to pay $1,500 for the land described therein, and that only $200 of this amount had been paid.

*Ledford & Christopher,* for plaintiff in error.

*J. Q. Smith,* contra.

SMITH, J. Mrs. Rosa Lee Pyles brought an action of trover against T. S. Copeland seeking to recover certain furniture and also a bond for title, all of which she alleged was in the possession of the defendant. The petition alleged that the furniture and the bond for title had been the property of her deceased husband and that she, as the sole heir at law of her said deceased husband, was now the true owner of the property. The jury found in favor of the plaintiff $762, and upon the hearing of a motion for a new trial, based on the general grounds only, the court

below passed an order granting a new trial unless the plaintiff would write off $262, the admitted value of the furniture. · The plaintiff wrote off this amount, and the motion for a new trial was then overruled. While a bond for title is personalty and trover will lie for the recovery thereof (see in this connnection *Coursey* v. *Curtis,* 18 *Ga.* 237, 238; *Long* v. *McIntosh,* 129 *Ga.* 661 (59 S. E. 779, 16 L. R. A. (N. S.) 1043, 12 Ann. Cas. 263); *Birmingham Fertilizer Co.* v. *Cox,* 10 *Ga. App.* 699 (73 S. E. 1090); Civil Code (1910), § 3646; 38 Cyc. 2098), the evidence submitted on the trial of this case failed to show any title whatever in the plaintiff except a claim of title as the sole heir of her deceased husband; and since the title to personal property vests in the administrator of a deceased person for the purpose of paying debts and distribution, and not in the heir at law (Park's Ann. Code, § 3929), and the case does not come within the statutory provisions which authorize a widow who is sole heir of her deceased husband to take possession of his estate without administration, "upon payment of his debts" (Park's Ann. Code, § 3931, par. 1), the verdict was contrary to law, and the judgment of the court below overruling the motion for a new trial must be

*Reversed. Jenkins, P. J., and Stephens, J., concur.*