### 16571.   CASWELL *v.* VANDERBILT *et al.,* receivers.

On the trial of an action brought by receivers whose appointment was not conditioned on the giving of a bond, although the order appointing them directed that they forthwith file with the clerk of the court a bond to be approved by the court, it was not harmful to the defendant that the trial judge, over the defendant's objection that the document offered in evidence was not the highest and best evidence of the fact stated therein, admitted in evidence a certificate of the clerk that the receivers had filed the required bond.

On the trial of an action by receivers of a corporation for the conversion of certain choses in action delivered to the defendant for collection, where the plaintiffs offered in evidence a trust receipt given by the defendant to the corporation, acknowledging receipt of described choses in action for collection for the corporation's account, and reciting that the receipt was given in pursuance of a certain contract between the parties, and where the plaintiffs alleged that the contract referred to in the receipt was verbal, and the defendant testified that the only contract made by him was the trust receipt and certain notes which he gave to the corporation and which are in the record, it was not ground for a new trial that the trust receipt was admitted in evidence over the objection that it was not admissible without proof of the contract referred to therein.

A trustee can not attack the title of the cestui que trust; and the defendant having declared in the trust receipt that he held in trust for the corporation the choses in action described therein, he was estopped from denying that declared fact.

A defendant in trover can not set up as a defense his discharge in bankruptcy.

In an action for the conversion of promissory notes the notes are evidence of their own value.

The presumption being that the choses in action were, as between the parties to the trust receipt, worth the amount of their face value as set forth in the trust receipt, and the defendant having offered no evidence to reduce their value, and the amount thereof being less than the amount of the defendant's debt to the plaintiffs, there was no question as to value to be submitted to the jury.

The judge did not err in directing a verdict for the plaintiff for any of the reasons assigned.

DECIDED FEBRUARY 13, 1926.

Trover; from Heard superior court—Judge Roop.   May 16, 1925.

Appeal and Error, 4 C. J. p. 969, n. 56.
Bankruptcy, 7 C. J. p. 397, n. 1 New.
Evidence, 22 C. J. p. 1138, n. 32.
Receivers, 34 Cyc. p. 151, n. 58.
Replevin, 34 Cyc. p. 1492, n. 42 New; p. 1507, n. 59 New.
Trial, 38 Cyc. p. 1351, n. 6 New.
Trover and Conversion, 38 Cyc. p. 2107, n. 47.
Trusts, 39 Cyc. p. 226, n. 98.

Vanderbilt and others, as receivers of Virginia Carolina Chemical Company, brought an action against A. E. Caswell for the conversion of certain notes and accounts held by the defendant in trust for collection for the account of that company. The plaintiffs alleged that the defendant had delivered to the company his trust receipt for such choses in action, and had refused to account for them. The defendant admitted the execution of the trust receipt, but denied that he had ever transferred or delivered over to the said company any of the said choses in action which were payable to himself. He denied also that the plaintiffs were receivers of the company or had authority to maintain the action. He pleaded his discharge in bankruptcy, and alleged that he turned over to his trustee in bankruptcy all the notes and accounts that he had on hand, and that in turn the trustee delivered them to the attorney for the plaintiffs. It appeared that whatever notes and accounts were in fact turned over to the plaintiffs by the trustee in bankruptcy were not involved in the case. On the trial of the case the court, at the conclusion of the evidence, directed a verdict in favor of the plaintiffs for the full amount sued for, the plaintiffs having elected to take a money verdict. The defendant filed a motion for a new trial, upon general and special grounds, assigning error also upon the direction of the verdict. The motion was overruled, and the defendant excepted.

*Smith & Millican,* for plaintiff in error. *Hall & Jones,* contra.

JENKINS, P. J. (After stating the foregoing facts.) 1. One of the assignments of error is that the court erred in admitting, over the defendant's objection, a certificate of the clerk of the district court of the United States that the receivers had in fact filed the bond required by the order appointing them; which certificate was appended to a certified copy of the order and decree of the Federal court appointing the receivers. No objection was made to the certified copy of the decree making the appointment, but the objection was aimed at the certificate of the clerk that the receivers had filed the bond. The ground of this objection was that the certificate was not the highest and best evidence of the fact set forth therein. In our opinion, the admission of this certificate was harmless, for the reason that proof was not required that the bond provided for had been given. The certified copy of the order and decree of the Federal court states that the parties named in

the decree are "hereby appointed as ancillary receivers of the above-named defendant, Virginia Carolina Chemical Company, and of all the properties" of said company; the order provides that such properties shall be turned over to the named receivers "upon presentation of a certified copy of this order," and it further provides that all persons are forthwith restrained from proceeding in any action at law or in equity, or otherwise, against the defendant company.   While the order does provide that the receivers shall forthwith file with the clerk of that court a bond, to be approved by a judge of that court, for the faithful performance of their duties as receivers, their appointment is nevertheless made immediate and absolute, and is not conditioned upon the filing and approval of such bond.   While the failure to give such bond might subject the appointees to that court's measures of discipline, yet such requirement as to giving bond, not being specified as a condition precedent to their authority and appointment, is not a matter which can be inquired into by other parties in other proceedings.   In those cases in which receivers are appointed "upon their giving bond," or where the order provides that they must give the bond before proceeding to exercise the powers conferred upon them, the rule would be different; for under such character of orders the giving of the bond amounts to a condition precedent to their assumption of the powers conferred upon them as receivers.   See, in this connection, Seymour *v.* Newman, 77 Mo. App. 578; Hagan *v.* Holderby, 62 W. Va. 106 (57 S. E. 289, 125 Am. St. R. 960); 34 Cyc. 151.   For the same reasons the holding here made is not within the ruling of this court in *Traylor* v. *Epps,* 11 *Ga. App.* 497 (2) (75 S. E. 828); *Ellis* v. *Hopps,* 30 *Ga. App.* 453, 455 (11) (118 S. E. 583).

2.   Another assignment of error was to the effect that the court erred in admitting the trust receipt given by the defendant to Virginia Carolina Chemical Company, in which the defendant acknowledged receipt of described choses in action for collection for the company's account.   The objection was that inasmuch as it was recited in the said trust receipt that it was given in pursuance of a certain contract made between the parties, the receipt was inadmissible without proof of the contract referred to. Plaintiffs alleged that the contract referred to was a verbal contract, but there seems to have been no testimony offered by the plain-

tiffs on this score. The defendant testified that he had made no such contract, that the only contract he ever made was the trust receipt and the notes which he gave directly to the said corporation. These two notes are in the record. In this state of the record, it can not be held that the court erred in not sustaining this objection.

3. Another assignment of error was that the court refused to allow the defendant to prove that he never in fact transferred or delivered to the Chemical Company any of the notes or accounts set forth in the trust receipt. The objection by the plaintiffs to this proffered testimony was that it was an effort to vary the terms of the written trust receipt. The receipt was in the terms of a formal contract and declaration of trust, reciting the actual receipt of such choses in action by the defendant, as trustee, which he was thereafter to hold for the said company as such. The proffered testimony was an effort to vary the terms of this writing by destroying the terms of the trust declared therein; and it was properly disallowed. "An agent can not dispute his principal's title, except in such cases where legal proceedings, at the instance of others, have been commenced against him." Civil Code (1910), § 3584. It is an undoubted principle of law that a trustee can not attack the title of his cestui que trust. See Civil Code (1910), § 5739. The defendant, declaring solemnly in writing that he holds the property in trust, is estopped to deny that declared fact.

4. The defendant also pleaded and proved his discharge in bankruptcy, as a bar to the action. In an action of trover the issue is one of title, and not of debt. Consequently the defendant in such an action can not set up as a defense his discharge in bankruptcy. This is true although the plaintiff elects to take a money verdict for the damages alleged to have been sustained. *Birmingham Fertilizer Co.* v. *Cox,* 10 *Ga. App.* 699 (73 S. E. 1090); *Citizens Bank* v. *Mullis,* 161 *Ga.* 371 (131 S. E. 44).

5. As to proof of the value of the choses in action, this court, in a case of very similar facts, has determined: " 'Promissory notes are evidence of their own value, in an action of trover.' " *Birmingham Fertilizer Co.* v. *Cox,* supra. In the *Cox* case it appeared that a fertilizer company sold fertilizer to the defendant, and took the defendant's note therefor. The defendant sold the fertilizer to planters, took their notes, transferred them as collateral secu-

rity to the fertilizer company, and retained the collateral notes for collection. The defendant having failed, on demand, to surrender the collateral notes or to account for them, the fertilizer company brought an action in trover; and the court held as stated in the above quotation. And see *Levy* v. *American Wholesale Corp.*, 32 *Ga. App.* 103 (2) (122 S. E. 808). In the case of Hetrick *v.* Smith, 67 Wash. 664 (122 Pac. 363), it was held, in an action against an attorney, that "the attorney should be charged with the accounts receivable at their face." Neither as to the notes nor as to the accounts in the case at bar was it shown by the defendant that they were worth less than their face value. The presumption being that the choses in action were, as between the parties to the trust receipt, worth the amount of their face value as set forth in the trust receipt, and the defendant having offered no evidence to reduce their value, and the total amount thereof being less than the total amount of defendant's indebtedness to the plaintiffs, there was no question as to value to be submitted to the jury.        *Judgment affirmed. Stephens and Bell, JJ., concur.*