Jones, P. J.
An action of contract in which plaintiff seeks to recover $17.41 on an account annexed for an assessment upon the defendant as policy holder under a mu- ■ tuai liability policy of insurance issued by the plaintiff. The answer is general denial, plea of payment and that the attempted assessment made on the policy of insurance was made, and the defendant notified more than one year after the expiration of the policy under which the same was attempted to be levied, contrary to her contract and that the attempted assessment on the policy named in the declaration was not laid by the company in accordance with law and her contract on account of losses and expenses incurred while she was a member.
The report says that at the trial the plaintiff introduced in evidence a certified copy from the Supreme Judicial Court containing a list of assessments among which appeared the name of the defendant, which may be referred to. At the hearing before the Appellate Division, it was agreed that the name of the defendant therein appearing was in fact the defendant in this case.
The certified copy above referred to was exhibited at the arguments before us and was in this form:
“COMMONWEALTH OF MASSACHUSETTS.
Suffolk, ss. Supreme Judicial Court.
I, CHARLES S. O’CONNOR, Clerk of said Court, hereby certify that it appears from among the lists of assessments filed in the case of Commissioner of Insurance v. Bristol Mutual Liability Insurance Company, No. 52411 on the Equity docket of this Court, the following assessments were computed and, by decree of this Court dated January 10, 1933, were ratified, confirmed and established.
*330 . Policy No. Name Address Amount
• * •• • • • •
12287 Una M. Leard 154 Jefferson *Av. Everett, 17.41 In witness whereof, I have hereunto set my hand and affixed the seal of said Court, this twenty-fifth day of October, A. D. 1935.
CHARLES S. O ’CONNOR, (seal) Clerk.
This certificate was admitted without objection.
The defendant, over the objection of the plaintiff, offered in evidence and the court admitted the defendant’s policy of insurance dated January 1, 1929 expiring January 1, 1930, and the plaintiff’s notice to the defendant of the assessment in question, dated February 1933, and the admissibility of this evidence is properly before us. This notice is that “by decree of the Supreme Judicial Court for Suffolk County, Massachusetts, it is found and decided that you are indebted to the plaintiff in the sum of $17.41 under the assessment of all policy holders.”
At the close of the trial and before the final arguments the plaintiff made the following requests for rulings:
1. The introduction and admission in evidence of the certified copy of the decree of the Supreme Judicial Court, showing the assessment against the defendant, upon which the plaintiff’s action is predicated, made out a prima fade ease for the plaintiff.
2. The defendant, as a matter of law, introduced no evidence to rebut the plaintiff’s prima fade case.
The Court failed to act on any of the plaintiff’s requests for rulings. The Court found for the defendant and made the following findings of facts:
“Plaintiff offered certificate of the Clerk of the Supreme Court that Defendant’s name appeared on a list of assessments against policy holders of the Plaintiff, which assessments had been ratified, confirmed and established by decree of the Court dated January 10,1933.
Plaintiff rested.
*331 Defendant, over objection of Plaintiff, offered and the Court admitted Defendant’s policy of insurance dated Jan. 1, 1929, expiring Jan. 1, 1930 also Plaintiff’s notice to Defendant of the assessment dated February 1933.”
The report contains all the evidence material to the questions reported.
We are left in considerable doubt in this case regarding the basis of the finding for the defendant. John L. Hetherington & Sons v. William Firth, 210 Mass. 8,17. He made no specific denial of the requests for rulings. Under the general rule where there is a general finding for the defendant with no specific treatment of rulings requested by the plaintiff such rulings are deemed denied. Plimpton v. New York, New Haven & Hartford, 221 Mass. 548, 551; John Hetherington & Sons v. William Firth, 210 Mass. 8, 17; Jasuikiewicz v. Wright, 288 Mass. 63, 65; Sullivan v. Roche, 257 Mass. 166, 169.
The first request in substance asks for a ruling of law that the evidence contained in the certificate of the clerk of the Supreme Judicial Court above quoted made out a prima facie case for the plaintiff. It is undoubtedly a rule of evidence in Massachusetts that “to prove a fact of record by a record not produced requires a duly authenticated copy of the record itself, or of so much thereof as relates to the fact in question”. Wayland v. Ware, 109 Mass. 248, 250; Wigmore on Evidence, §1678, 1904 Ed. Oakes v. Hill, 14 Pick. 448; Green v. Durfee, 6 Cush. 362, 363.
But the certificate of the clerk, having been admitted without objection, became competent evidence the same as if it had been in the form of a certificate duly certified and having been admitted without objection and being material it should have been weighed with the other evidence and given any evidentiary value which it may have possessed. *332 “It was entitled to its natural probative force”. Damon v. Carroll, 163 Mass. 404, DuBois v. Powdrell, 271 Mass. 394, 397, Mahoney v. Harley Private Hospital, Inc., 279 Mass. 96,100.
As a general rule, “incompetent evidence which is introduced without objection becomes evidence in the particular case, and must be treated as any other competent evidence . . . When evidence has been offered for a particular purpose and no objection made thereto, it must be-treated as competent evidence for the purpose for which it is offered”. 9 Enc. Ev. 111, 112. Goldstein v. Northern Pacific Railway Company, L. R. A. 1918, A. 612, 615.
The certificate, therefore, giving it its evidential value, was sufficient to prove that in the Supreme Judicial Court there had been a suit in equity in which there had been a computation of certain assessments upon the policy holders of the plaintiff company, including this defendant, and by decree of that court dated January 10, 1933, ratified, confirmed and established; and that among the assessments was one made on policy No. 12287, Una M. Leard, (admitted here to be the person identical with the defendant). In our opinion these evidentiary facts appearing from the certificate and being uncontradicted clearly proved due adjudication that the assessment was duly levied.
The adjudication was made as provided by G-. L. e. 175, §84, which provides :
“If the directors by authority of law make an assessment or call on the members for money . . . they or any person interested in the company as an officer, policy holder or creditor may apply to the supreme judicial court ... by a petition in equity, praying the court to examine such assessment or call, the necessity therefor, and all matters connected therewith, and to confirm, amend or annul the assessment or call, or to order the same to be made as law and justice may require . . . the court shall order notice by publication or otherwise to all parties interested, and upon the re *333 turn thereof shall examine the assessment or call, or the necessity therefor and all matters connected therewith. Any parties interested may appear and be heard thereon. All questions arising shall be heard and determined as in other equity cases . . . The Court may confirm, amend or annul the assessment or call or order one to be made, and may make such orders and decrees as under all the circumstances justice and equity require.”
It is to be presumed that the Supreme Court proceedings were all in due form of law and that the notice of the proceedings required by the statute was given to all parties interested, including the defendant, and that the court in all its proceedings acted with due regard to the rights of the defendant. Section 84 further provides:
“When an assessment or call has been so confirmed, ascertained or established, a decree shall be entered which shall be final and conclusive upon the company and all persons liable to the assessment or call as to its necessity, the authority of the company to make or collect it, the amount thereof, and all formalities connected therewith. An assessment or call altered or amended by vote of directors and decree of the court thereon shall be binding upon all parties who would have been liable under it as originally made, and in all legal proceedings shall be held to be such original assessment or call. All such proceedings shall be at the cost of the company unless the court for cause otherwise orders, and in all cases the court may control the disposition of the funds collected under such proceedings.”
It therefore appears that the assessment has been conclusively established against the defendant and it is no longer open to the defendant to show that the assessment was not legally made; that she did not have notice of the assessment within the period of a year after the expiration of her policy, or that she did not have any notice of the proceedings, as it is to be presumed that she had due notice of all proceedings.
*334 A similar case, Commonwealth Mutual Fire Insurance Co. v. Wood, 171 Mass. 484, was in contract to recover the amount of two assessments upon the defendant as a policy holder in the plaintiff corporation, and it was contended that the defendant was not liable because he did not receive notice of the proceedings and the court said,
“We are of the opinion that the fact that the defendant did not receive notice affords him no ground of defence. The decrees of this court ordering and confirming the assessment were after due publication of notice, and this was sufficient notice to him; and the decree ratifiying and establishing the assessment was by the terms of the statute ‘final and conclusive upon the company and all parties liable to the assessment or call, as to the necessity of the same, the authority of the company to make or collect the same, the amount thereof, and all formalities connected therewith’. St. 1894, c. 522, §49. Hamilton Ins. Co. v. Parker, 11 Allen, 574.”
G-. L. Ter. Ed. e. 175, §84 is a re-enactment of the statutes of 1894, e. 522, §49.
The finding of fact made by the trial court in relation to the certificate seems to imply, from its wording, that the trial judge was of the opinion that he could not find, as a matter of law, the assessment to have been duly made and confirmed because of the character of the evidence presented by the certificate, as he .states “that the only evidence of the judgment was a certificate of certain things appearing of record instead of being a certified copy of the record”. This, of itself, would indicate that.the judge was acting under erroneous rules of law in regard to the effect which should be given to the certificate and which lead to an erroneous refusal of plaintiff’s request number 1.
It follows also that the second request was wrongly refused because any defences that might have been open to the defendant because of the terms of the policy or by *335 lapse of time relating to the assessment were cut off by the decree of the Supreme Judicial Court ratifying, confirming and establishing the assessment and plaintiff’s right to collect.
The defendant cannot interpose in these proceedings any defences against the judgment of the Supreme Judicial Court which he might have raised there. Kittredge v. Morton, 141 Mass. 410. Boston v. Radclyffe, 149 Mass. 275.
It therefore follows that the evidence that the defendant did not have notice of the assessment was erroneously admitted.
Inasmuch as it appears that the assessment was confirmed. as provided by the statute and the proceedings were in due form the finding for the defendant is reversed and judgment is to be entered for the plaintiff.