CAMPBELL *vs.* TRUNNELL.

1. A mortgagee and vendee is estopped from denying title to goods in the vendor and mortgagor under whom he claims.

2. A sale of the wife's goods to the creditor of the husband to pay the debt of the husband is void.

3. Though the consideration of the sale be in part to pay the wife's own debt, yet if the portion of the goods so sold be not severable from the rest sold to pay the debt of the husband, the title to none will pass to the vendee.

4. In an action of trover the issue is title, and though a money verdict be elected to be taken by the plaintiff, the measure of damages is the value of the property, and in order to recoup against such damages a counter claim of defendant founded on the part consideration of the sale which was lawful—it being the individual debt of the wife—there must be pleadings to that effect.

Mortgage. Vendor and Purchaser. Estoppel. Husband and Wife. Debtor and Creditor. Before Judge SIMMONS. Bibb Superior Court. April Term, 1881.

Reported in the decision.

LANIER & ANDERSON; R. W. PATTERSON, for plaintiff in error.

BACON & RUTHERFORD, for defendant.

JACKSON, Chief Justice.

Suit was brought in the statutory form for the recovery of a lot of goods claimed by the plaintiff as having been converted by the defendant. The plaintiff is a married woman, and the defendant bought the goods from the husband as agent of the wife. A mortgage had been previously given by the husband as agent, and signed also by the wife, to secure two promissory notes, one for over $800.00 and the other for $251.00, and when the bill of sale was executed these notes and the mortgage were delivered up to the husband. When the wife heard of the

sale she repudiated it, never having been consulted about it or having assented in any way to it. The question is, did the conveyance of the husband as agent pass her title to the defendant, or is it still in her notwithstanding the husband's sale and conveyance, purporting to be as her agent? The jury under the charge of the court found for the plaintiff, and on the denial of a new trial by the court error is assigned by the defendant, on the grounds, for that motion set out fully in the record. There is no doubt that the mortgage was given and the sale afterwards made to secure as well the $800.00 note as that for $251.00, and that the former was a debt of the husband when in a partnership business, with which his wife had nothing to do, and the latter a debt of the wife in the purchase of goods by the husband for her in running her business in merchandise. The consideration of the sale was, therefore, for the larger part illegal, as it was to pay a debt of the husband with the wife's property. Code, §1783. That section explicitly declares that "any sale of her separate estate, made to a creditor of her husband in extinguishment of his debts shall be absolutely void." The case is, therefore, one where the consideration of the sale is in part good and in part bad, good so far as the smaller note to pay her own debt is concerned, and bad as to the other and larger note, and the main point made and pressed by brief and argument here is, that the court erred in charging to the effect that if the consideration was to pay the husband's debt in part the title would not pass.

We cannot say that this charge is error under the pleadings in this case. The issue is a naked issue of title to the goods and to all the goods. There is no plea to the effect that any part of them was sold to pay the one note, and another part to pay the other note; and if it had been so pleaded, or if the general issue would let in evidence to that effect, it was not shown, and could not have been proved, that such was the sale; for the bill of sale

is to all the goods, and the consideration for each and every parcel is the extinguishment of both notes. Nor does it matter that the plaintiff elected to take a money verdict under our Code, §3564. That money verdict is damages in lieu of property, but the title to the property is the issue, and the measure of the damages is its value. Code, §3077. We do not say that, under a proper plea, the smaller note with interest could not have been recouped against the damages found as the value of the property ; but nothing of the sort is in any of the pleas, and the case must be tried on the pleadings.

If the sale were severable under the Code, §2641, then the recovery would be for the goods sold to secure the husband's debt alone, but it is not devisible under that section which regulates the contract of sale. Whether divisible or not turns on the intention of the parties ; see last clause of same section. It is clear that these parties intended to sell all the goods, and each and every parcel, to pay both notes, the valid and the invalid and illegal note alike. No man can sever one article from the rest as conveyed in consideration of the good note.

We think, therefore, that under the pleadings the verdict could not be otherwise, because, first, Campbell is estopped from denying title to be in the wife. He is both mortgagee and vendee from her agent acting for her, and these conveyances estop him from denying her title, just as she would be estopped from denying that her agent sold in consideration of these notes. That she could attack the consideration as illegal is a different matter. And this view will dispose of all the rejected testimony in regard to how her husband bought the goods.

Secondly, because the sale is void absolutely in so far as it goes to pay her husband's debt. Code, §1783.

Thirdly, because the sale is not divisible, and cannot therefore pass title to any of the goods as sold to pay her own debt.

And fourthly, because whilst under a plea to recoup

the value of the note given for her own debt, it should have been deducted from the damages, there is no such plea here, and none which is equivalent to such a plea. Besides, it is doubtful whether the jury did not allow it without a plea, as the value of the goods from the invoice prices and other testimony might have made the verdict larger by the amount of that note.

Taking the case in its entirety, we see no material error which, under the true law of the case upon the pleadings and facts, could have made the verdict other than it is. It is therefore affirmed.

Judgment affirmed.