*J. N. Worley* and *O. C. Brown*, for plaintiff.
*James H. Skelton*, for defendant.

---

BERRY *et al. v.* JACKSON.

In an action of trover the issue is one of title, and not of debt. Consequently neither the defendant in such an action, wherein bail is required, nor the surety on his bond can set up as a defense the discharge of the defendant in bankruptcy pending the action. This is true although the plaintiff elects to take a money verdict for the damages alleged to have been sustained.

Submitted March 1, — Decided April 3, 1902.

Trover. Before Joseph E. Pottle, judge pro hac vice. Hancock superior court. August 7, 1901.

*W. H. Burwell*, for plaintiffs in error.
*Hunt & Merritt*, contra.

LUMPKIN, P. J. An action of bail-trover was brought by Jackson against Berry, to recover possession of a horse. The defendant gave bond, and filed a plea in which he admitted the possession of the horse, but denied the plaintiff's right to a recovery. When the case was called for trial, he offered to file a special plea, in which he asked that the surety on his bond be made a party defendant to the case, and sought to set up in defense to the plaintiff's action a discharge in bankruptcy granted to him by the United States district court for the southern district of Georgia while the trover suit was pending. The court refused to pass an order making the surety a party, and the defendant then attempted to set up his discharge in bankruptcy, by way of amendment to his original plea. This amendment the court also refused to allow. The case proceeded to trial, and the plaintiff elected to take a money verdict for the damages alleged to have been sustained; whereupon the defendant renewed his request that the surety be made a party, and his offer to amend his plea; both of which the court refused, on the ground that, "though plaintiff had elected to take a verdict for damages solely, the question at issue was still one of title, and could not be affected by the bankrupt proceedings." At the conclusion of the evidence the court directed a verdict for the plaintiff. The only question presented by the bill of exceptions is whether or not the court erred in rejecting the special plea and the amendment to which reference has been made. We have no hesitancy in deciding that the rulings of the court below were correct. The sole issue in the trial of an action of trover is that of title to the property in dispute; and the fact that the plaintiff may elect to take a money verdict in lieu of the specific personalty claimed can in no event alter that issue. *Campbell* v. *Trunnell*, 67 *Ga*. 518. Counsel for the plaintiff in error proceeds in his brief upon the assumption that the action was based upon a debt owed by Berry to Jackson, and argues that as such it was a claim from which he was relieved by his discharge in bankruptcy. But no such facts appear in the record. All that we have before us is an action of trover for the recovery of specific personal property, and, regardless of the election of the plaintiff to take a money verdict, the title to the property in dispute, which was the only issue for determination, could not be af-

fected by any bankruptcy proceedings in which the defendant may have participated, especially as it nowhere appears, either in the special plea or the amendment to the original plea, that such proceedings were ever brought to the notice of the plaintiff.    The only reason assigned for making the surety a party was that he might avail himself of whatever rights his principal acquired by virtue of his discharge in bankruptcy; and therefore what is here said in regard to the principal defendant below is equally applicable to his surety; and it follows that the judgment of the court below will not be disturbed.

*Judgment affirmed.    All the Justices concurring, except Little and Lewis, JJ., absent.*