2693. TRAMMELL *et al. v.* GEORGIA ENGINEERING &

CONSTRUCTION CO.

HILL, C. J. The plaintiffs in error instituted a bail trover proceeding against the defendant in error. The defendant declined to replevy the property, whereupon the plaintiffs gave bond and took possession of the property. Upon the call of the case for trial the plaintiffs dismissed their action; whereupon the defendant moved the court for a judgment

against the plaintiffs and their bondsmen, electing to take a money verdict, which motion was granted, and judgment was entered for the value placed upon the property by the plaintiffs in their affidavit when they instituted the proceeding. *Held:*

1. In according to the plaintiff in a bail-trover suit the right to give the same recognizance which he may demand of the defendant, the law entertains an impartial reciprocity of protection, and where the plaintiff gives bond and takes the property and is cast in the suit, or dismisses his action, the defendant is entitled to recover of the plaintiff the property in his possession, and the defendant, like his opponent, is entitled to make an election of·verdicts. *Marshall* v. *Livingston,* 77 *Ga.* 21; *Mallary* v. *Moon,* 130 *Ga.* 593 (61 S. E. 401).

2. Where the plaintiff in an action of trover sues out bail process and the defendant fails to replevy, and the plaintiff does replevy, if, upon the trial, the plaintiff dismisses his action, or refuses to prosecute it or is cast in the suit, the defendant is entitled to demand a restitution of the property or its value, and the statement of its value in the plaintiff's affidavit for bail is prima facie evidence of·the value of the property. *Smith* v. *Adams,* 79 *Ga.* 802 (5 S. E. 242); *Thomas* v. *Price,* 88 *Ga.* 533 (15 S. E. 11).

3. The plaintiffs, having dismissed their suit, were estopped from litigating any further in the same suit, and could not take advantage of any of the defenses set up by the defendant in his answer. But the dismissal of the suit amounted in law to a judgment of restitution, and ipso facto entitled the defendant to a writ of restitution or a verdict for the property and its reasonable hire. *Glover* v. *Gore,* 74 *Ga.* 680; *Marshall* v. *Livingston,* supra.                    *Judgment affirmed.*

DECIDED JANUARY 17, 1911.

Trover; from city court of Floyd county—Judge Hamilton. March 15, 1910.

*M. B. Eubanks, W. B. Mebane,* for plaintiff in error.