7428. HILL v. MARSHALL.

BROYLES, J. 1. A bill of sale of personalty to secure a debt, although it contains a clause to reconvey the property upon the payment of the debt, is not a mortgage, but is an absolute conveyance of the property, and passes title to the same until the debt is fully paid. Civil Code, § 3306; Owens v. Bridges, 13 Ga. App. 419 (79 S. E. 225).

(a) The court did not err in admitting in evidence the bill of sale from the defendant to the plaintiff, conveying a mule to secure a debt.

2. This suit is in substance an action of trover for the collateral (a mule) which was deeded to the plaintiff to secure a debt. While section 3298 of the Civil Code provides that the owner of any bill of sale to personal property to secure a debt, where the principal sum does not exceed $100, may foreclose the same in the manner in which mortgages on personal property are now foreclosed under the laws of this State, this remedy is not exclusive. The owner has the right also to bring trover.

3. An assignment of error upon the refusal of the court to award a nonsuit will not be considered, where thereafter the case proceeded to a verdict in favor of the plaintiff, and the defendant's motion for a new trial, to the overruling of which exception is taken, includes the ground that the verdict was contrary to the evidence and without evidence to support it.

4. There was a conflict in the evidence as to whether any demand had been made by the plaintiff upon the defendant for the mule. The plaintiff testified: "I made a demand on him for the mule, that is, I told him I wanted the money or the mule one. I don't know what else a demand means." "I remember that I did try to get him to turn the mule over to me or pay the money one, and asked him several times to turn the mule over or pay the money, and every time he refused to do so, but would say that he had some one to pay him what he owed me. I repeatedly told him I wanted my mule or the money one. Every time he would refuse." On the other hand the defendant testified that he asked the plaintiff to take the mule back for the debt he owed him, and that the plaintiff refused to do so, and that the plaintiff never made a demand on him for the mule, but always demanded the money instead. "When he refused to take the mule for the debt I told him that I would pay him as soon as I could get the money, and he did not say anything about my giving him the mule." The verdict settled this question of fact in favor of the plaintiff; the evidence authorized the verdict; and the court did not err in overruling the motion for a new trial.                    Judgment affirmed.

DECIDED OCTOBER 4, 1916.

Trover; from city court of Houston county—Judge Riley. March 16, 1916.

Marion Turner, for plaintiff in error.

J. W. Bloodworth, M. Kunz, contra.