### 11120.   WATTS *v.* WIGHT INVESTMENT COMPANY.

1. A bill of sale of personalty to secure the payment of a debt, which recites that "this is a deed conveying title, and a bond to reconvey is this day given," is not a mortgage, but a conveyance passing title until payment of the debt; and trover may be based thereon.

2. Evidence offered for the purpose of showing that the defendant had been adjudicated a bankrupt and that the plaintiff had been listed as a creditor was properly excluded.

3. A homestead exemption taken under section 3415 et seq. of the Civil Code (1910) will not avail as against a valid title previously conveyed by a bill of sale executed to secure a debt.

DECIDED MAY 11, 1920.

Certiorari; from Fulton superior Court — Judge Pendleton. October 2, 1919.

*R. B. Blackburn,* for plaintiff in error.

*E. M. Habersham, R. R. Jackson, W. I. Heyward,* contra.

BLOODWORTH, J.    1.    Wight Investment Company brought an action in trover in the municipal court of Atlanta against Watts, to recover certain personal property, attaching to the petition a bill of sale to secure the payment of a debt, and which recited that " this is a deed conveying title and a bond to reconvey is this day given." There was a trial and a judgment for the plaintiff. The petition for certiorari recites that " upon the call of said case for a hearing, the defendants, by and through their attorneys, made a motion before the court to dismiss said case, on the ground that, under the petition as set forth in said case, plaintiff could not recover in trover in an action sounding in debt instead of in trover." The court did not err in overruling this motion. This was the proper remedy, under the facts of this case. " A bill of sale of personalty to secure a debt, although it contains a clause to reconvey the property upon the payment of the debt, is not a mortgage, but is an absolute conveyance of the property, and passes title to the same until the debt is fully paid. Civil Code, § 3306; *Owens* v. *Bridges,* 13 *Ga. App.* 419 (79 S. E. 225)." *Hill* v. *Marshall,* 18 *Ga. App.* 662 (1) (90 S. E. 175) ; see also *Bellerby* v. *Thomas,* 105 *Ga.* 477, 478 (1) (30 S. E. 425).

2.    Defendant alleges that the trial court erred in rejecting as evidence " a certified copy from the Federal district court showing that he had been adjudged a bankrupt," and that " plaintiff had been listed as a creditor of the defendant." Under the facts of this case this was not error. " In an action of trover the issue is one of title, and not of debt. Consequently, neither the defendant in such an action, wherein bail is required, nor the surety on his bond can set up as a defense the discharge of the defendant in bankruptcy pending the action. This is true although the plaintiff elects to take a money verdict for the damages alleged to have been sustained." *Berry* v. *Jackson,* 115 *Ga.* 196 (41 S. E. 698, 90 Am. St. Rep. 102).

3.    The bill of sale is dated February 5, 1919. Defendant tendered as evidence a certified copy of a homestead exemption set apart on March 4, 1919, under section 3416 et seq. of the Civil Code of 1910. The certified copy was rejected as evidence, and this is alleged to be error. It is settled law in this State that as against

a valid title to secure a debt, a homestead subsequently taken will avail nothing. *Mozley* v. *Fontana, 124 Ga.* 378 (52 S. E. 443), and cit.

4. The above rulings dispose of all questions made by the pleadings and which were argued in the brief of counsel for the plaintiff in error. We therefore hold that the judge of the municipal court of Atlanta properly rendered judgment in favor of the plaintiff, and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*