### 14928.  WORSHAM *v.* PENN.

BELL, J.  1.  An action of trover by the payee against the maker for the recovery of the property therein described was founded upon the following instrument: "Summerville, Chattooga county, Ga., Oct. 4th, 1920. On or before the first day of November next I promise to pay [to] the order of Miss Mary Penn, or bearer, sixty-eight & 03/100 dollars, with interest from date at the rate of 8 per cent.; interest on the whole amount to be paid annually, and 10 per cent. attorney's fees if collected by law, it being purchase-money for 3 black hogs, 2 sows and one male, weight about 150 pounds each, known as the W. H. Penn hogs; also 1 light Jersey cow with horns, named Minnie, about 8 years old, one red heifer calf about 6 months old. Mary Penn guaranteeing title only, and if this stock dies, gets killed or burned up, it does not affect the payment of this note. Title to said property is vested in said Mary Penn, and I agree not to trade or remove said property out of Chattooga county until said note is paid, waiving the right of homestead and exemption laws. [Signed] R. L. Worsham (L. S.). Signed, sealed and delivered in the presence of [signed] D. C. Greeson, Clerk superior court, Chattooga county, Ga." *Held:* The instrument was not a mortgage, but under it the title to the property was vested in the payee. *Tremere* v. *Barfield*, 12 *Ga. App.* 774 (1) (78 S. E. 729); *Owens* v. *Bridges*, 13 *Ga. App.* 419 (1) (79 S. E. 225); *Hill* v. *Marshall*, 18 *Ga. App.* 652 (1) (90 S. E. 175); *Watts* v. *Wight Investment Co.*, 25

*Ga. App.* 291 (1) (103 S. E. 184) ; *Wynn* v. *Tyner,* 139 *Ga.* 765 (1) (78 S. E. 185). This ruling is not in conflict with anything decided in *Felton* v. *Grier,* 109 *Ga.* 320 (35 S. E. 175), or in *Lane* v. *Smart,* 21 *Ga. App.* 292 (1) (94 S. E. 325). The contract was properly admitted in evidence in proof of the plaintiff's claim of title.

2. The defendant in the trover action, who executed the above-quoted contract, could not defeat the plaintiff's claim of title by proof of an alleged fraudulent representation, made by the plaintiff's agent at the time of its execution, that the instrument was only a mortgage, where the defendant maker had ample capacity and opportunity to read and understand the contract before he signed it, and negligently failed to do so, no trick or artifice being perpetrated by which he was prevented from reading it. *Jossey* v. *Georgia Southern & Florida Ry. Co.,* 109 *Ga.* 439 (34 S. E. 664) ; *Walton Guano Co.* v. *Copelan,* 112 *Ga.* 319 (1) (37 S. E. 411, 52 L. R. A. 268) ; *Branan* v. *Warfield,* 3 *Ga. App.* 586 (3) (60 S. E. 325) ; *Rounsaville* v. *Leonard,* 127 *Ga.* 735 (2) (56 S. E. 1030) ; *Case Threshing Machine Co.* v. *Broach,* 137 *Ga.* 602 (73 S. E. 1063) ; *Equitable Mfg. Co.* v. *Biggers,* 121 *Ga.* 381 (49 S. E. 271).

3. The fact that the note was executed to renew and secure an indebtedness upon a prior note payable to the plaintiff and two others, as heirs of a certain estate, and to secure also an account payable to a corporation in which she was a stockholder, rather than for an indebtedness owing solely to the plaintiff herself, did not render the instrument lacking in consideration. "If there be a valid consideration for the promise, it matters not from whom it is moved; the promisee may sustain his action, though a stranger to the consideration." Civil Code (1910), § 4249.

4. In an action of trover the issue is one of title, and not of debt. Consequently, the defendant in such an action cannot set up as a defense his discharge in bankruptcy. This is true although the plaintiff elects to take a money verdict for the damages alleged to have been sustained. *Birmingham Fertilizer Co.* v. *Cox,* 10 *Ga. App.* 699 (2) (73 S. E. 1090) ; *Berry* v. *Jackson,* 115 *Ga.* 196 (41 S. E. 698, 90 Am. St. 102) ; *Smith* v. *Turner,* 141 *Ga.* 313 (1) (80 S. E. 993) ; *Moon* v. *Wright,* 12 *Ga. App.* 659 (3) (78 S. E. 141) ; *Watts* v. *Wight Investment Co.,* 25 *Ga. App.* 291' (1) (2) (103 S. E. 184).

5. It was no defense that within less than four months after the date of the contract the defendant was adjudicated a bankrupt, and that the property sued for was set apart to him as an exemption. If a bankrupt has transferred the title to property which would otherwise be subject to an exemption, he, by his act, has placed the exemption beyond his own reach. See 1 Collier on Bankruptcy (ed. 1923), 307, 313; *McDowell* v. *McMurria,* 107 *Ga.* 812 (2) (33 S. E. 709, 73 Am. St. Rep. 155) ; *Bell* v. *Dawson Grocery Co.,* 120 *Ga.* 628 (48 S. E. 150) ; *Bowen* v. *Keller,* 130 *Ga.* 31 (60 S. E. 174, 124 Am. St. Rep. 164) ; Chicago, Burlington & Quincy R. Co. *v.* Hall, 229 U. S. 511, 516 (33 Sup. Ct. 885, 57 L. ed. 1306, 1310). Cf. *Coker* v. *Utter,* 152 *Ga.* 157 (4) (108 S. E. 538) ; *Norris* v. *Aikens,* 155 *Ga.* 488 (117 S. E. 248) ; *Saul* v. *Powers,* 155 *Ga.* 450 (117 S. E. 86) ; *McKenney* v. *Cheney,* 118 *Ga.* 387 (4) (45 S. E. 433).

6. Applying what is said in the preceding paragraphs, there is no merit

in any of the special assignments in the defendant's motion for a new trial, and, the verdict found for the plaintiff being. supported by the evidence, the trial judge did not err in overruling the motion.

Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.

DECIDED APRIL 24, 1924.

Appeal; from Chattooga superior court—Judge Wright. June 16, 1923.

*Lee J. Langley*, for plaintiff in error.

*J. M. Bellah*, contra.