## 20047. BARNES *v.* MOSELEY.

STEPHENS, J. 1. A verdict and judgment for the plaintiff in an action of trover, although rendered for a sum of money and not for the property in controversy, constitute an adjudication of the plaintiff's title to the property; and the debt thus created against the defendant is not dischargeable in bankruptcy. The verdict and judgment are conclusive as to the plaintiff's title, and the character of the title cannot be inquired into by affidavit of illegality. The defendant's discharge in bankruptcy is no ground of illegality to the levy of an execution issued on the judgment. See *Citizens Bank* v. *Mullis*; 161 *Ga.* 371 (131 S. E. 44); *Birmingham Fertilizer Co.* v. *Cox*, 10 *Ga. App.* 699 (73 S. E. 1090); which follow the rule laid down in *Berry* v. *Jackson*, 115 *Ga.* 196 (41 S. E. 698). If there is anything in *Walker Bros. Co.* v. *Capital City Grocery Co.*, 28 *Ga. App.* 531 (112 S. E. 157), to the contrary, it must yield to the authority of the Supreme Court.

2. The judge of the superior court properly sustained the certiorari of the plaintiff in execution, excepting to a judgment rendered in the municipal court overruling a demurrer to the affidavit of illegality, and properly entered a final judgment overruling and dismissing the affidavit and allowing the levy to proceed.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 28, 1930.

*Martin, Martin, Snow & Gillen,* for plaintiff in error.
*Wallace Miller, John J. McCreary,* contra.