## STRICKLAND *v.* HOUSEHOLD FINANCE CORPORATION.

No. 7747. FEBRUARY 20, 1931.

*A. A. Owen* and *Noah J. Stone,* for plaintiff.

ATKINSON, J. Frank L. Strickland brought his petition on February 5, 1930, for temporary and permanent injunction against the Household Finance Corporation, alleging that on March 4, 1929, he was duly adjudged a bankrupt in the United States district court; that on December 28, 1929, a discharge in bankruptcy was granted to him; that the defendant obtained a judgment against him in the municipal court of Atlanta on October 3, 1929, for $360 principal, and for costs; that the judgment was based upon

a bill of sale executed to secure debt prior to his adjudication in bankruptcy, and was rendered after his adjudication and before the grant of his discharge in bankruptcy; that said judgment was duly scheduled by an amendment filed in the bankruptcy case on October 19, 1929; that defendant threatened to garnish his salary, and he was unable to make a dissolution bond, and the effect of the garnishment would be to cause his discharge from his position; and that the discharge in bankruptcy relieved him from liability upon said obligation. He prayed that defendant be restrained from proceeding with the garnishment, and from enforcing the judgment.

On the hearing it appeared that on December 5, 1928, Strickland borrowed from defendant $300, secured by a bill of sale to certain household furniture, at 3-1/2 per cent. per month, and that on June 27, 1929, Strickland had paid the defendant nothing, and defendant brought a bail-trover suit against Strickland in the municipal court of Atlanta, to which Strickland pleaded bankruptcy as follows: "That on 2d day of March, 1929, defendant filed his voluntary petition in bankruptcy in the District Court of the Northern District of Georgia, and was duly adjudged a bankrupt by said court, and now has application for discharge pending before said court; that the indebtedness sued upon was contracted and became due before the filing of said petition and said adjudication in bankruptcy; that the plaintiff had actual knowledge of said proceedings in bankruptcy. That the Poplar Finance Corporation was duly scheduled in said petition and said adjudication in bankruptcy, as one of the unsecured creditors of said bankrupt, was given notice and had actual knowledge of said proceedings in bankruptcy. That said discharge, when granted unto defendant, will release defendant from all liability upon the indebtedness sued upon in this case. Wherefore defendant prays that said suit be suspended and stayed until after said adjudication or the dismissal of defendant's said petition in bankruptcy, and until his final discharge is determined; and that upon granting said discharge, judgment in his favor be rendered in the case."

The Poplar Finance Corporation was the original lender, and transferred its claim to Household Finance Corporation. The plea just recited was stricken on a demurrer on the ground that bankruptcy was no defense to a trover action.

Likely the judge of the municipal court in so holding followed the decision of this court in the case of *Citizens Bank* v. *Mullis,* 161 *Ga.* 371 (131 S. E. 44). In any event no exception was taken to the ruling that bankruptcy was no defense to a trover action. Therefore this judgment became the law of the case. This ruling is to be distinguished from those which hold that a mere disregarded plea asking for a postponement of the case until after action upon the discharge does not prevent a subsequent plea of discharge in bankruptcy as bar to the enforcement of the judgment. *Morris* v. *Perkins,* 148 *Ga.* 554 (97 S. E. 526); *Craig* v. *Cameron,* 27 *Ga. App.* 455 (108 S. E. 828). In the instant case the municipal court eliminated the defense of bankruptcy entirely, and held that in a case of trover or any of its consequences bankruptcy constituted no defense. Therefore upon the proof of these facts the court below was correct in refusing to enjoin the enforcement of the money judgment in trover. *Judgment affirmed. All the Justices concur.*