VAN PELT *v.* FAMILY LOAN SOCIETY.·

No. 10167. NOVEMBER 19, 1934.

*C. Vernon Elliott* and *Paul T. Chance,* for plaintiff.
*John F. Hardin* and *Hammond, Kennedy & Kennedy,* for defendant.

HUTCHESON, J.   John S. Van Pelt Jr. brought a petition for injunction against Family Loan Society Inc., alleging that in 1930 he borrowed $300 from said company; that he and his wife executed a bill of sale on their household and kitchen furniture to secure said debt; that part of the debt was paid, and thereafter he was adjudged a bankrupt, in which proceeding the debt of Family Loan Society Inc. was duly scheduled; that said company sued out a trover action in the municipal court of Augusta, but no bail affidavit was made; that he tendered the furniture to the company, which refused to accept it; that he filed answer to the trover proceeding, setting up his adjudication in bankruptcy, as well as other defenses; that the case came on for trial, and judgment was rendered for the company for the full amount of its debt, it having elected to take a money verdict; and that a garnishment issued on this judgment, and was served on his employer.   The present proceeding seeks to enjoin this and any other garnishment.   A general demurrer to this petition was sustained, and the plaintiff excepted.

In *Berry* v. *Jackson,* 115 *Ga.* 196 (41 S. E. 698, 90 Am. St. R. 102), this court held:   "In an action of trover the issue is one of title, and not of debt.   Consequently neither the defendant in such an action, wherein bail is required, nor the surety on his bond can set up as a defense the discharge of the defendant in bankruptcy pending the action.   This is true although the plaintiff elects to take a money verdict for the damages alleged to have been sustained."   In the instant case, the judgment of the municipal court, unexcepted to, became the law of the case, and the questions therein adjudicated could not be again inquired into. *Strickland* v. *Household Finance Corporation,* 172 *Ga.* 279 (157 S. E. 635) ; *Lester* v. *Southern Security Co.,* 168 *Ga.* 307 (2) (147 S. E. 529).   The averments set out in the petition for injunction having been determined in the municipal court, no cause of action was set out; and the court committed no error in sustaining the general demurrer.

*Judgment affirmed.   All the Justices concur.*