## 25142. HAMMOND v. KING.

STEPHENS, J. 1. A judgment for the plaintiff in an action for trover, although it is a money judgment and not a judgment for the property, is not dischargeable in bankruptcy. *Berry* v. *Jackson,* 115 *Ga.* 196 (41 S. E. 698, 90 Am. St. R. 102); *Citizens Bank* v. *Mullis,* 161 *Ga.* 371 (131 S. E. 44); *Lester* v. *Southern Security Co.,* 168 *Ga.* 307 (147 S. E. 529); *Van Pelt* v. *Family Loan Society,* 179 *Ga.* 787 (177 S. E. 595); *Barnes* v. *Moseley,* 41 *Ga. App.* 713 (154 S. E. 388). The judgment is not a liability which, as provided in section 17 of the bankruptcy act, is dischargeable in bankruptcy. See *Covington* v. *Rosenbusch,* 148 *Ga.* 459 (97 S. E. 78); Swift *v.* Bullard, 3 Fed. (2d) 814 (3). It is therefore no defense to the enforcement of a money judgment in an action of trover against the defendant, that the conversion was a "merely technical" conversion. Anything to the contrary in *Walker Brothers Co.* v. *Capital City Grocery Co.,* 28 *Ga. App.* 531 (112 S. E. 157), is superseded by the authority of the Supreme Court in the cases above cited. This is not in conflict with Davis *v.* Ætna Acceptance Co., 293 U. S. 328 (55 Sup. Ct. 151, 79 L. ed. 393), in view of the peculiar facts of that case.

2. The judge of the municipal court did not err in overruling the defendant's motion to stay the execution of the judgment and the garnishment proceedings issued thereon, and the appellate division of that court did not err in affirming the judgment of the judge in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JUNE 18, 1936. ADHERED TO ON REHEARING JULY 31, 1936.

*Harold E. Roland, Thomas W. Jones,* for plaintiff in error.
*Woodruff & Ward,* contra.