27919. PRIMM *v.* MATHIS, administratrix.

DECIDED, FEBRUARY 15, 1940.

*Lanham & Parker,* for plaintiff.
*John Camp Davis,* for defendant.

FELTON, J.. On February 16, 1937, J. P. Primm instituted bail-trover proceedings against R. R. Mathis for the recovery of certain described property. On December 22, 1937, Mathis filed a petition in the superior court, alleging and praying substantially as follows: That on the 16th day of February, 1937, J. P. Primm filed a bail-trover suit in the city court of Floyd County to recover certain property; that said suit was abandoned by Primm and no service was ever made and no action had thereon, yet, nevertheless, Primm proceeded to "mark in default on the docket in said court at the regular June term thereof;" that Primm "is seeking to enforce said action and to have the sheriff take charge of the property so described claiming that there was service therein;" that petitioner on account of his insolvency can not replevy the property; that the property can not be removed without destroying its value; that petitioner had two valid defenses in the bail-trover case in the city court, one of them that Primm was not the owner of the property, but it was the property of a partnership consisting of Primm and Duvall Harris, and the other that he had paid Primm $135 towards the purchase-price of the property; that Primm, by his action in shutting off a defense in the bail-trover suit in the city court, and by his insolvency, making him unable to respond in damages, leaves petitioner with no remedy except an appeal in equity. Wherefore, petitioner prays that process issue directing defendant to appear and answer this complaint; that he be permanently enjoined from proceeding under the bail-trover case in Floyd city court as it now stands, and to be temporarily enjoined from proceeding with such case until the final termination of this cause, and for such other and further relief as to the court seems proper. On this petition the court passed the following order: "That the defendant be served at once with a copy of this petition and order; that the defendant show cause before me at the court-house on

the 1st day of January 1937 at 9 o'clock a. m. why the prayers for temporary injunction should not be granted, and in the meantime and until further order of the court the defendant is enjoined as prayed. This 22nd day of December, 1937."

On December 27, 1937, Primm dismissed the bail-trover suit previously brought, and on December 28, 1937, instituted the identical action in Floyd city court. The defendant Mathis died and his administratrix was made a party. She filed her answer in the case, setting out the above facts and asking that the present bail-trover proceeding be dismissed because the bringing of the second suit was in violation of the injunction granted by the judge of the superior court. After hearing evidence on the motion the judge of the city court dismissed the action, and thereafter rendered a judgment for the administratrix of Mathis against Primm for $1000. Exception is taken to the order of dismissal and the entering up of the judgment for $1000.

■ So far as the city court of Floyd County was concerned, the first bail-trover case had been dismissed, the costs paid, and the second suit was properly proceeding. If the injunction was violated the parties have their remedy by a contempt proceeding in the superior court, and the jurisdiction thereof is exclusively in the superior court. It follows, then, that the court erred in dismissing the bail-trover proceeding on the theory that the injunction had been violated.

The court erred in dismissing the bail-trover action for the further reason that the ground on which the injunction was granted was that the defenses of the defendant were shut off in the original suit. By the dismissal of the first suit and the filing of the identical suit, all of the defenses of the defendant were available to him and could have been interposed by him in the answer filed in the second suit.

■ The defendant in error contends that the court did not err in rendering a judgment for the defendant in the bail-trover action for the amount which the property was alleged to be worth in the original trover suit. Counsel cites *Trammell* v. *Georgia Engineering &c. Co.*, 8 *Ga. App.* 501 (69 S. E. 921), as authority for the action of the court. While this case lays down the law on the proposition of rendering a judgment against the plaintiff, it has no application here because of the fact that when the first case

was dismissed the court did not retain jurisdiction for the purpose of rendering a judgment against the plaintiff. The second case was improperly dismissed. Therefore it was error for the court to render a judgment for the defendant against the plaintiff.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*