### 28916. KEEL *v.* ATTAWAY.

DECIDED JUNE 20, 1941.

*Lester F. Watson,* for plaintiff in error.
*Blackshear & Blackshear,* contra.

BROYLES, C. J. Attaway brought an action in trover against Keel to recover certain personal property. Keel replevied the property. Upon the trial the undisputed evidence showed that the property sued for was conveyed to Attaway by Keel in a bill of sale for the purpose of securing the debt due Attaway and represented by the note executed by Keel; and the title to the property passed to Attaway until said debt was paid in full. "A bill of sale of personalty to secure a debt, although it contains a clause to reconvey the property upon the payment of the debt, is not a mortgage, but is an absolute conveyance of the property, and passes title to the same until the debt is fully paid." *Hill* v. *Marshall,* 18 *Ga. App.* 652 (90 S. E. 175), and cit. The undisputed evidence further showed that Keel had possession of the property when the trover suit was brought. The plaintiff in error contends that the direction of a verdict for Attaway was error, because the evidence raised

an issue of fact as to whether there had been any conversion of the property. The contention is without merit. "In actions to recover the possession of chattels, it shall not be necessary to prove any conversion of the property where the defendant is in possession when the action is brought." Code, § 107-101. The admission in evidence of the bill of sale was not error for any reason assigned.

The evidence demanded a verdict in favor of the plaintiff, but it should have been for a lump sum. However, the jury returned a verdict for "$98.88 as principal and $7.64 as hire." Therefore, the judgment is affirmed with direction that the defendant in error write off from the verdict the amount of $7.64. See *Dugas Cor.* v. *Ga. Power Co.*, 43 *Ga. App.* 536 (159 S. E. 592).

*Judgment affirmed, with direction. MacIntyre and Gardner, JJ., concur.*