29321. FELDER *v.* MIDDLETON HARDWARE COMPANY.

DECIDED JANUARY 24, 1942.

*Phillip Sheffield,* for plaintiff in error. *Lowrey Stone,* contra.

FELTON, J. This is a claim case originating upon substantially the following agreed statement of facts: The Middleton Hardware Company delivered to R. N. Holt a certain refrigerator, taking from him a note and a retention-of-title contract for the purchase price thereof. This paper was never recorded. Thereafter, on April 16, 1940, Holt borrowed some money from the First State Bank of Blakely, giving therefor his note secured by bill of sale to all his household goods. This bill of sale was recorded in the office of the clerk of Early County, Georgia. Holt failed to pay the bank note at maturity and the bank foreclosed, and Felder, the claimant, became the purchaser at the foreclosure sale. Thereafter, the purchase-money note not being paid, the Middleton Hardware Company foreclosed its retention-of-title contract and had the refrigerator levied on thereunder. Felder then interposed his claim. At the time the bank took its note and bill of sale from Holt it had no notice of any kind of the hardware company's claim against Holt. The hardware company had no actual notice of the bank's bill of sale, nor that the bank had foreclosed, levied on, and sold the refrigerator. The debt to the hardware company remains unpaid.

The bill of sale from Holt to the bank is as follows: "State of Georgia, County of Early: This bill of sale is to evidence that, for the purpose of securing the payment of the foregoing attached promissory note, as well as each and every renewal of the same, and all other indebtedness, present or future, owing or becoming

due to First State Bank of Blakely, by any of the undersigned, now residence in said county, we do hereby bargain, sell and convey unto said First State Bank of Blakely, their successors and assigns, the following described personal property, now located in said county, viz.: all of my household goods consisting of beds, chairs, tables, and any and all other household goods which I own all while contained in dwelling where I now live located on North Main Street in Blakely, Georgia. It is the intention of this instrument to pass title to said property into said payee of said note." Holt lived in the residence described in the bill of sale at the time of signing the bill of sale, but removed therefrom some time before the foreclosure by the bank.

On the trial of the claim case before the judge without the intervention of a jury, the court held that because of the fact that the bill of sale to the bank recited that the goods described therein were conveyed *"while contained in dwelling where I now live,"* and that the grantor Holt had removed from the dwelling in which the property was located at the time of the delivery of the bill of sale, the purchaser at the foreclosure sale got no title to the property, and the court ordered the fi. fa. to proceed. The exception is to this order.

1. We think the court erred in holding that the property was subject to the fi. fa. of the hardware company and in ordering the fi. fa. to proceed. The sole question for decision is whether the provision in the note as quoted above was intended by the parties to mean that the property conveyed would be considered as security for the note only so long as it was contained in the building in which it was located at the time of the giving of the instrument. Taking into consideration the entire contract we are constrained to hold that such was not the intention of the parties. The intention of the parties can be fairly arrived at by examining the form and wording of the bill of sale. It recites that it has for its purpose the securing of the payment of the note attached to it, and any other indebtedness which the grantor might owe the grantee. After stating this purpose, the grantee bargains, sells, and conveys, *the following described personal property, now located in said county, viz.:* (here follows a description of the property conveyed, and in the same sentence *"while contained in dwelling where I now live."*) Following this description, in the next paragraph,

the instrument states *"It is the intention of this instrument to pass title to said property into said payee of said note."* The stated intention of the bill of sale is to secure the note, and to pass the title to the property conveyed until the note shall have been paid. To hold that the intention of the parties was to pass the title only so long as the property remained in a certain building would defeat the stated intention in the instrument, and in construing contracts, that which must be determined, if possible, is the intention of the parties as expressed by the instrument itself. The rules of construction that apply to deeds seem applicable here. In case of conflicting provisions the earlier prevails over the later. Code § 29-109. The court erred in finding against the claimant.

2. There is no merit in the motion to dismiss the bill of exceptions.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*