32877.   McWILLIAMS *v.* HEMINGWAY, trustee, *et al.*

DECIDED FEBRUARY 9, 1950.

*S. W. Hatcher*, for plaintiff.

*Hemingway & Hemingway, Frank G. Wilson*, for defendants.

TOWNSEND, J. (After stating the foregoing facts.) 1. Code § 107-106 states as follows: "An alternative verdict in an action of trover so far vests the title to the property sued for in the plaintiff, that, until the judgment is paid by the defendant, such judgment shall have the first lien on the property sued for, to the exclusion of all other claims whatsoever." It is apparent that a judgment in trover vests the title absolutely in the plaintiff, so far as the property itself is concerned, and that, where a money judgment is elected, this judgment would become a special lien upon the property sued for, and a general lien upon all other property of the defendant. Code § 110-507. As to the property of the defendant other than the personalty sued for, then, the judgment is controlled by the rules of law relating to judgments generally. Execution may issue under it and levy be made on all the defendant's property of which he is in possession. However, property or money to which the debtor has only the right of possession rather than the actual possession is a chose in action. *Sterling* v. *Sims*, 72 *Ga.* 51 (1). No lien is created upon a chose in action by a judgment. The plaintiff's lien arises rather by summons in garnishment, and when money due the defendant as salary is in the hands of the employer, the lien attaches from the date of the summons. When this date is within the four-month period prior to the filing of the petition for bankruptcy (under Sec. 67 of the Bankruptcy Act) the lien is thereby rendered void by the Federal statute. In *Armour Packing Co.* v. *Wynn*, 119 *Ga.* 683 (46 S. E. 865), the supreme court held that the garnishee, having notice of the adjudication in bankruptcy, not only had the right to set up his non-liability to the garnishing plaintiff, but. if he had failed to make such defense and had subsequently been sued by the judgment debtor's trustee in bankruptcy, the judgment awarding the bankrupt's money in its hands to the judgment creditor would have been no defense to such an action. Here the plea is filed, not by the garnishee, but by the trustee in bankruptcy himself, and the effect thereof is the same.

It follows that it is not necessary for this court to decide whether a money judgment on a trover proceeding such as is .

here involved, where the petition fails to allege fraud, malice or wilful misconduct, is also dischargeable in bankruptcy when obtained within four months of the application therefor. Our Supreme Court and this court have, up to the present time, uniformly held that they are not. See *Berry* v. *Jackson,* 115 *Ga.* 196 (41 S. E. 698); *Birmingham Fertilizer Co.* v. *Cox,* 10 *Ga. App.* 699 (73 S. E. 1090); *Covington* v. *Rosenbusch,* 148 *Ga.* 459 (97 S. E. 78); *Citizens Bank* v. *Mullis,* 161 *Ga.* 371 (131 S. E. 44); *Worsham* v. *Penn,* 32 *Ga. App.* 189 (122 S. E. 817); *Levy* v. *American Wholesale Corp.,* 32 *Ga. App.* 103 (122 S. E. 808). In *Citizens Bank* v. *Mullis,* supra, the court, in answer to a certified question of the Court of Appeals containing a statement of facts very similar to that here involved, held that the trover judgment was not dischargeable, one judge dissenting. This case was decided in 1925, and it appears that the Federal decisions on which the plaintiff in error here relies, which were handed down before that date, were considered by the court and found to be distinguishable. Since that date it was held in Davis *v.* Aetna Acceptance Co., 293 U. S. 328 (55 Sup. Ct. 151, 79 L. ed. 393), that a judgment in an Illinois trover action for a mortgaged automobile secured by a bill of sale absolute in form, a chattel mortgage, a trust receipt, and promissory notes was rendered void by the discharge in bankruptcy of the debtor who had properly listed the respondent in his schedule of creditors, the court holding that the transaction was a "technical conversion" and did not constitute an exception to Section 63 of the Bankruptcy Act, setting forth what debts may be proved and allowed in such proceedings. Since a determination of this point is not necessary to reach a decision in this case, the request of the defendant in error that the case be certified to the Supreme court to determine whether the decision there reached in *Berry* v. *Jackson,* supra, should be reversed, is hereby denied.

The trial court did not err in sustaining the special plea of the trustee in bankruptcy and in ordering that the funds raised by the garnishment proceedings be paid over to him.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*