## 35934. CARROLLTON PRODUCTION CREDIT ASSOCIATION *v.* ALLEN *et al.*

Decided December 5, 1955—Rehearing denied December 16, 1955.

*Shirley C. Boykin, Boykin & Boykin, E. B. Jones, Jr.,* for plaintiff in error.

*Claude V. Driver, Murphy & Murphy, L. P. Allen,* contra.

GARDNER, P. J. As we see the issue, the only question for us to determine is whether or not the Carrollton Production Credit Association, under the record, is entitled to all the funds in the hands of the sheriff (less court costs). It is our opinion that this question is to be resolved around the fact produced from the evidence to the effect that the Carrollton Production Credit Association has a prior claim by virtue of having filed its bills of sale prior to any others. The Commercial & Exchange Bank held an unrecorded bill of sale on the cotton and corn crop and on 2 Jersey cows. H. G. Jones, another creditor, had filed a claim on the corn and cotton crops. The controversy as between the creditors here concerns the law regarding advancements for the purpose of making crops for the year 1954. We have found no decision concerning this statute where one creditor obligates himself to furnish equipment and money and takes as security therefor a bill of sale for such equipment and money furnished, and properly records the same, which would permit another creditor subsequently to such recording of the bill of sale by the first creditor to obtain a legal claim for money furnished to the same farmer to make a crop on the same premises during the same year. It is true that it is contended here by the Commercial & Exchange Bank of Bremen that the bills of sale of the Carrollton Production Credit Association covering the $770 hereinabove set out, included a prior existing debt and, therefore, rendered the lien of the Carrollton Production Credit Association inoperative. There is some evidence that L. C. Watson owed a certain amount on some insurance and a balance on the tractor at the time the note of the Carrollton Production Credit Association was executed. We see no reason why a creditor to whom a farmer is indebted may not take a note and a bill of sale which includes a then existing debt. No doubt it is quite often true that a party to whom a farmer owes an existing debt may be the one most likely to be willing to continue to assist the farmer in making a crop and taking security therefor by way of a bill of sale and including in the bill of sale

the pre-existing debt. In the bill of sale executed by Watson to the Carrollton Production Credit Association, it apparently included an obligation on the part of the Carrollton Production Credit Association to furnish material and supplies and the advancement of additional sums of money for the purpose of making the crop and the bill of sale to protect the Carrollton Production Credit Association from loss for the amount in the first note and not for the advancement and indebtedness which the Carrollton Production Credit Association might extend to Watson. We will have something more to say later concerning this, supported by authority. Presently we will only state that there are creditors, one claiming the entire amount of the money in the hands of the sheriff realized from the proceeds of the sale, one by its duly recorded bills of sale and the others by having furnished money to the same party for the purpose of making a crop on the same premises, under Code §§ 67-1105 and 67-1301. It is contended here that the Carrollton Production Credit Association is not entitled to all the funds in the hands of the sheriff because of the indefiniteness of the bills of sale. We have considered the record carefully and we do not agree with this contention. In this connection, we call attention to *Scoggins* v. *General Finance & Thrift Corp.*, 80 *Ga. App.* 847 (1 a) (57 S. E. 2d 686), wherein this court held: "Under Code § 67-1403, when conditional bills of sale have been recorded in the county of the residence of the conditional vendee within thirty days from the date of their execution, such registration serves as constructive notice to the world of the existence of such instruments from the date of their execution." See *McIntyre* v. *Burns*, 81 *Ga. App.* 239 (58 S. E. 2d 442).

A bill of sale to personalty to secure debt stands on the same footing as a deed to realty to secure debt. See Code § 29-401. The failure to record deeds and bills of sale is to the same effect as to recording of deeds and bargains of sale. See Code §§ 67-2003 and 67-2501. We call attention to *Luther Williams Bank & Trust Co.* v. *Sherwood*, 53 *Ga. App.* 666 (1) (187 S. E. 193) which states: "In order for a creditor to levy an execution upon property covered by a valid bill of sale made to secure a debt, the creditor must first redeem the property by paying off in full the security debt; and a levy made without a compliance with such condition precedent is void." See also *Hill* v. *Marshall*, 18 *Ga. App.* 652

(90 S. E. 175); *Bull* v. *Johnson,* 63 *Ga. App.* 750 (2) (12 S. E. 2d 96); *Keel* v. *Attaway,* 65 *Ga. App.* 172 (15 S. E. 2d 562); *Felder* v. *Middleton Hardware Co.,* 66 *Ga. App.* 572 (18 S. E. 2d 574). In *Hicks* v. *Morris,* 183 *Ga.* 116 (1) (187 S. E. 639) the Supreme Court said: "A deed of conveyance made under the provisions of Chapter 67-13 of the Code, relating to conveyances to secure debt, passes title to the property so conveyed until the debt is fully paid. § 67-1301." See *Decatur Lumber & Supply Co.* v. *Baker,* 210 *Ga.* 184 (78 S. E. 2d 417), wherein it is said: " 'A debt of $1,000 . . . or any other present or future indebtedness or liability of mine to second party,' is unambiguous and is sufficiently broad by its terms to secure an indebtedness on open account existing at the time of the execution of the deed. A subsequent grantee of the grantor in the deed to secure debt was not entitled to have it canceled of record on the payment of $1,000, under the facts of this case. . .

"The prior indebtedness of the grantor in the deed to secure debt was secured by the deed, and the fact that the deed recited that it was given to secure a debt of $1,000, evidenced by a described note, 'or any other present or future indebtedness or liability,' of the grantor to the grantee, did not make it ambiguous. *Moultrie Banking Co.* v. *Mobley,* 170 *Ga.* 402 (152 S. E. 903); *Dudley* v. *Reconstruction Finance Corp.,* 188 *Ga.* 91 (2 S. E. 2d 907); *Rose City Foods* v. *Bank of Thomas County,* 207 *Ga.* 477 (62 S. E. 2d 145), and cases cited."

The question concerning the clause "to secure present, past or future indebtedness" has been gone into fully by the Supreme Court in *Hurst* v. *Flynn-Harris-Bullard Co.,* 166 *Ga.* 480 (143 S. E. 503). This principle has been followed continuously. See *Zachry* v. *Industrial Loan &c. Co.,* 182 *Ga.* 738 (186 S. E. 832); *Manchester Motor Company* v. *Farmers & Merchants Bank,* 91 *Ga. App.* 811 (87 S. E. 2d 342), and *Fourth National Bank of Columbus* v. *Howell,* 92 *Ga. App.* 868 (90 S. E. 2d 78). The cases cited by counsel for the defendants are not applicable, under their respective facts.

The court erred in failing to award the funds in the hands of the sheriff to the Carrollton Production Credit Association, the plaintiff here, since the funds in the hands of the sheriff, (ex-

clusive of court costs) were not sufficient to pay the indebtedness of Watson to Carrollton Production Credit Association.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*